312 So.2d 792 (1975)
Robert A. HENDRICKS, Appellant,
v.
Joann HENDRICKS, Appellee.
No. 74-1175.
District Court of Appeal of Florida, Third District.
May 20, 1975.
*793 Hendricks & Hendricks, Coral Gables, for appellant.
Carr & Warren, Miami, for appellee.
Before BARKDULL, C.J., PEARSON, J., and CHARLES CARROLL (Ret.), Associate Judge.
PER CURIAM.
This is an appeal from a judgment of dissolution of marriage. The appellant Robert A. Hendricks, who was the petitioner below, seeks reversal of certain provisions of the judgment other than for the dissolution of the marriage.
Included in the judgment were the following provisions. The wife was granted rehabilitative alimony of $500 per month, to continue for a period of six years unless she should remarry sooner, and the court reserved jurisdiction for the purpose of considering whether to allow periodic alimony after the end of the period fixed for payment of the rehabilitative alimony. The wife was held entitled to a special equity of $25,000 in the marital home property, owned by the parties as tenants by the entirety, to be paid to her from proceeds of sale of the property when made.
The wife was awarded custody of the two minor children, then aged 12 and 16 years, with right of reasonable visitation granted to the husband. For child support, it was ordered that the husband pay the wife $300 per month until the younger child attained majority, plus "the petitioner-husband shall provide for the payments of the reasonable and necessary expenses occurred on behalf of each minor child for education in private schools, medical and dental care and hospitalization".
The wife was granted the use and occupancy of the marital home in which to reside with the minor children until the younger child attained majority, and the husband was ordered to pay the mortgage payments, insurance and taxes thereon during such period. The judgment then directed that the marital residence property be sold when the period of the wife's occupancy ended, with the proceeds of the sale to be shared equally by the parties after payment therefrom of the said $25,000 to the wife.
Paragraph 6 of the judgment was as follows:
"6. In addition to payment by the Husband of the sums and expenses hereinabove set forth, the husband shall also continue to pay those expenses set forth on Page 3 of the Financial Affidavit of the husband dated May 15, 1974, provided, however, that the total amount to be paid by the husband for all items required to be paid under this judgment shall equal and not exceed the sum of ONE THOUSAND SIX HUNDRED FIFTY DOLLARS ($1,650.00."
On examination of the record, and consideration of the briefs and the arguments of counsel, we affirm the judgment of dissolution of the marriage (which was not challenged on the appeal), and hold as set out below on the several matters submitted for decision here.
Where $300 per month was fixed for the support of the two minor children, no factual basis was shown to require or justify a provision for said full amount to *794 be paid for the support of the younger child alone, after the majority of the older. The judgment is hereby amended as to the order for child support payments, to require payment of $150 per month for each minor child until such child shall attain majority. The trial court has continuing jurisdiction to make needed provisions for child support.
The provision for the wife to have the use and occupancy of the marital home until the younger of the minor children shall attain majority, would permit her occupancy to continue if she remarried sooner. We hold, as contended by appellant, it was error to fail to provide that the wife's right of occupancy of the marital home would not continue if she should remarry, and the judgment is hereby further amended to so provide.
We hold to be without merit the contention of the appellant that the court erred in ruling that the wife was entitled to a special equity of $25,000, payable out of the proceeds of sale of the marital home.
In support of the contention the appellant cites Steinhauer v. Steinhauer, Fla. App. 1971, 252 So.2d 825, in which it was held that under the prevailing law a wife's contribution toward the purchase of a marital home, acquired and owned by a husband and wife as tenants by the entirety, is to be interpreted as within the realm of "ordinary marital duties" or a prima facie presumption of a gift.
However, in the later case of Ball v. Ball, Fla.App. 1974, 303 So.2d 32, it was held that the rule thus recognized in Steinhauer is not applicable to such contributions made by a wife before the effective date of the 1968 Constitution, to which the prior rule is applicable, that is, that such contributions by a wife toward the acquisition of property are not presumed to be a gift, and will create a special equity therein in favor of the wife.
Thus in Windham v. Windham, 144 Fla. 563, 198 So. 202, the Supreme Court had said: "It is well settled where a wife contributes money and industry over a period of years in the acquisition of property she is granted a special equity therein." (Emphasis added). In the leading case of Strauss v. Strauss, 148 Fla. 23, 3 So.2d 727, 728, citing Windham, the Supreme Court said: "This court is also committed to the doctrine that when the wife contributes money or labor over a period of years to the acquisition of property, she acquires a peculiar equity in it which may be enforced". (Emphasis added).
Here the evidence shows the wife made contributions to the marriage out of her separate money to the extent of approximately $38,000, of which it was testified that approximately $25,000 went into the acquisition of jointly owned real property. A first home which was purchased by the parties was later sold and the proceeds therefrom applied to the purchase of the present marital home, which is valued at $150,000 subject to a mortgage having an unpaid balance of $39,000. On the facts of this case the trial court's holding as to the wife's special equity was not error. Actually, the special equity award of $25,000 which by the judgment is to be paid to the wife "off the top" of the proceeds of sale of the marital home with the remaining proceeds shared equally by the parties, will benefit the wife to the extent of $12,500, because without such award she would have been entitled to receive one-half of that first $25,000 of the proceeds of sale of the home, by virtue of her one-half ownership.
Under the law the marital residence is owned by the parties as tenants in common, following the dissolution of the marriage. § 689.15 Fla. Stat., F.S.A. The appellant expresses no objection to the court's order for sale of the residence property at the end of the period of its occupancy by the wife, although noting the absence of any stipulation therefor or appropriate pleadings upon which to predicate such an order. See Valentine v. Valentine, *795 Fla. 1950, 45 So.2d 885; Sharpe v. Sharpe, Fla.App. 1972, 267 So.2d 665, 666.
As tenants in common of the property, each of the parties was obligated to pay one-half of the property expenses consisting of mortgage payments, insurance, taxes and necessary repairs. In that regard, the appellant points out that although he was required by the judgment to pay the above mentioned expenses on the property during the time that the wife was permitted to occupy the same, the judgment failed to make provision that he be given credit from the proceeds of sale for payment of the part of the expenses for which the wife was obligated. The appellant contends, and we agree, that no basis is shown in the record for relieving the wife of her obligation as a co-tenant for ultimate payment by her of her share of such expenses, paid by the husband during the period for which it was ordered the wife may occupy the home. The judgment is hereby amended to provide that the one-half of such expenses of the property which were or are the obligation of the wife, that shall have been paid by the husband during the period of the wife's occupancy, subsequent to the entry of the judgment and prior sale of the property, shall be chargeable against the wife's equal share of the proceeds of the sale thereof. See Schwartz v. Schwartz, Fla.App. 1974, 297 So.2d 117, 119; Lyons v. Lyons, Fla. App. 1968, 208 So.2d 137.
There remains for consideration the question of the propriety of the above quoted Paragraph 6 of the judgment. The appellant seeks reversal thereof on the ground that it is uncertain and does not define the payments to be paid thereunder, and that the payments to which it refers represent duplications of payments elsewhere ordered in the judgment. An inspection of the document there referred to reveals that the expenses listed thereon either were elsewhere ordered to be paid in the judgment, or consist of household expenses such as normally would be paid by the wife out of the alimony and support payments provided for in the judgment. Accordingly, the judgment is amended by striking therefrom the said above quoted Paragraph 6.
The judgment, as amended in the respects hereinabove set out, is affirmed.