330 So.2d 536 (1976)
Herbert P. JONES, Appellant (Petitioner),
v.
June H. JONES, Appellee (Respondent).
No. Z-42.
District Court of Appeal of Florida, First District.
April 20, 1976.
*537 D. Michael Chesser, Fort Walton Beach, for appellant.
J. LaDon Dewrell, of Dewrell & Kessler, Fort Walton Beach, for appellee.
MILLS, Judge.
Mr. Jones sued Mrs. Jones for dissolution of their marriage. He also asked the court to fairly and equitably dispose of property acquired by the parties during their marriage.
Mrs. Jones answered and filed a counterclaim asking that the marriage be dissolved, and that she be awarded custody of the four minor children of the parties, temporary and permanent child support, temporary, permanent and exclusive use of the homeplace, temporary and permanent *538 alimony including the homeplace, and attorney's fees. A list of the real and personal property acquired by the parties during marriage was set forth in the counterclaim. Mr. Jones denied all of the allegations.
Following the trial, the court dissolved the marriage, awarded custody of the four minor children to Mrs. Jones, ordered Mr. Jones to pay all medical and dental expenses incurred by the children, ordered Mr. Jones to pay all of the financial obligations of the marriage, ordered Mr. Jones to designate his four children as beneficiaries of one-half of the proceeds of certain insurance policies on his life, if he maintained the insurance, awarded Mrs. Jones all of the household furnishings and an automobile, and ordered Mr. Jones to pay the attorney's fee and costs of Mrs. Jones. Mr. Jones does not contest these parts of the final judgment.
Mr. Jones does contest the following parts of the judgment:
1. the award to Mrs. Jones, as lump sum alimony, of a one-third interest in the homeplace (after this award, Mrs. Jones had an undivided 2/3 interest and Mr. Jones an undivided 1/3 interest in the homeplace as tenants in common);
2. the award to Mrs. Jones of exclusive use of the homeplace for a period of not less than ten years or until all of the children shall become emancipated, whichever comes last;
3. the award of $400.00 a month as child support, to continue until all of the children shall attain 18 years of age, marry, die or become self-supporting, whichever first occurs;
4. the award of additional child support which requires Mr. Jones to pay the mortgage, taxes and insurance on the homeplace;
5. the award to Mrs. Jones of permanent alimony of $200.00 a month for thirty-six months, and thereafter $100.00 a month until Mrs. Jones dies or remarries, whichever first occurs;
6. the requirement that Mr. Jones pay all major expenses of maintenance and upkeep on the homeplace.
The trial court has authority to order a husband to convey to the wife his undivided interest in property they own as tenants in common as lump sum alimony. Reid v. Reid, 68 So.2d 821 (Fla. 1953). But lump sum alimony should be awarded only in those instances where some special equities require it, Yandell v. Yandell, 39 So.2d 554 (Fla. 1949), and it is justified only where it serves a reasonable purpose, such as rehabilitation, or the award would be advantageous to both parties. Calligarich v. Calligarich, 256 So.2d 60 (Fla.App. 4th, 1971).
In the case before us, the wife was in good health, she had a college degree in home economics, her four minor children were of school age, she was awarded permanent periodic alimony, she was given exclusive use of the homeplace for ten years and the husband was required to pay the mortgage, taxes, insurance, major maintenance and upkeep. She proved no special equity nor was the award rehabilitative or advantageous to both parties. The trial court erred in its award of lump sum alimony.
The award to Mrs. Jones of exclusive use of the marital home for not less than ten years or until all of the children become emancipated, whichever comes last, would permit her to occupy the home after remarriage. This was error. Occupancy should not continue if the wife should remarry. Hendricks v. Hendricks, 312 So.2d 792 (Fla.App.3d, 1975).
Mr. Jones contends that in awarding support for the four children the trial court erred in not separately stating the amount awarded for each child, citing this court's previous opinion in Hardy v. *539 Hardy, 118 So.2d 106 (Fla.App. 1st, 1960). In Hardy, the court was confronted with a lump sum covering both alimony and child support. There the court said:
"Attention is called first to the failure of the decree to award separately the amount allowed for alimony and the amount allowed for support of the three minor children. Separate amounts should be awarded for alimony and for support of each minor child in all cases.
"Our Supreme Court in the case of Zalka v. Zalka, Fla. 1958, 100 So.2d 157, has held that an undivided award for alimony and child support is not void, but that each party is entitled to appeal at any time for an allocation of a specific amount for alimony and for child support. See also Katiba v. Katiba, Fla. App., 110 So.2d 693; and Sheppard v. Sheppard, Fla. 1950, 45 So.2d 505."
While this court in requiring a separation between alimony and child support in Hardy did also state that separate amounts should be awarded for support of each minor child in all cases, we now find that it went too far in making such latter requirement and invaded the proper discretion of the chancellor. We know of no legal requirement that such be done other than the statement in Hardy. The authorities cited in support of the ruling in Hardy relate only to the separation of alimony from child support. We recognize in many cases it is helpful and avoids future litigation to make a separate award for each child. There are other cases, however, in which child support awarded for several children is not sufficient in amount but is all that the spouse can afford to pay. To require an equal division for each child and an automatic reduction in the amount upon each child reaching his majority would be inequitable in such cases. Also, as the trial judge pointed out in this case, some expenses pertaining to child support remain constant regardless of the number of children involved. Thus, to automatically reduce the child support upon each child reaching his majority by his portion of the whole could create an inequitable result. Where the chancellor in his discretion deems it advisable to award one periodic sum for support of two or more children, the parties should come back to the court for an adjustment when one of the children reaches majority. If at such time the parties can agree among themselves upon an equitable reduction, such could be accomplished by a simple stipulation to be approved by the court.
In view of the foregoing, we recede from the ruling in Hardy that separate amounts should be awarded for support of each minor child in all cases.
The trial court erred in requiring Mr. Jones to pay the mortgage, taxes and insurance on the homeplace, held by Mr. and Mrs. Jones as tenants in common, as additional child support. To do this would allow Mrs. Jones to obtain a benefit not contemplated by the law. The court had already granted exclusive use of the homeplace to Mrs. Jones and the children. Although Mr. Jones could be and was required to pay the mortgage, taxes, insurance, major maintenance and upkeep during the time the homeplace was occupied by the wife and children, the trial court should have provided that Mr. Jones would receive credit for payment of Mrs. Jones' one-half thereof from the proceeds of the sale of the homeplace (the lump sum alimony award having been reversed, Mr. and Mrs. Jones now have an undivided one-half interest each in the homeplace as tenants in common). Hendricks v. Hendricks, supra. No basis is shown in the record for relieving Mrs. Jones of this obligation. Upon remand, if the trial court, in the exercise of its discretion, concludes that additional child support is warranted by the evidence previously presented to it, on notice to each of the parties, and an opportunity to be heard, it may award additional child support.
The record supports the award of permanent periodic alimony to Mrs. Jones.
*540 The final judgment is affirmed in part and reversed in part, and this case is remanded to the trial court for further action consistent with this opinion.
BOYER, C.J., and McCORD, J., concur.