365 So.2d 189 (1978)
Vincent J. STROLLO, Appellant,
v.
Gertrude Harriet STROLLO, Appellee.
No. JJ-70.
District Court of Appeal of Florida, First District.
December 1, 1978.
*190 Stephen A. Smith of Smith & Smith, Lake City, for appellant.
Lacy Mahon, Jr. of Mahon, Mahon & Farley, Jacksonville, for appellee.
ERVIN, Judge.
Appellant, Vincent Strollo, appeals several points from a final judgment dissolving his marriage to appellee, Gertrude Strollo. The final judgment awarded appellee custody of the five minor children and exclusive use and possession of the marital home during the children's minority. Appellant was ordered to pay appellee $350 a month for alimony and $900 a month for child support.
Appellant's first argument that the trial judge abused his discretion in the *191 amount of the alimony and child support award is without merit. We will not disturb findings or awards of the trial judge in dissolution proceedings absent a clear showing of abuse of discretion. Sisson v. Sisson, 336 So.2d 1129 (Fla. 1976); Moses v. Moses, 344 So.2d 1322 (Fla. 2d DCA 1977). Nor do we agree with appellant that the trial judge abused his discretion for awarding one lump sum child support payment rather than separate sums for each of the five children so that the award for each child would terminate upon the child's attaining his or her majority. See Jones v. Jones, 330 So.2d 536 (Fla. 1st DCA 1976). We affirm the awards made as to the assertion that the trial court abused its discretion as to the amounts ordered.
We agree, however, that the awards should be amended to reflect that it is the husband's  not the wife's  responsibility for mortgage payments made on the marital home. The court's final judgment stated that the wife was "responsible for ... mortgage payments out of the proceeds ... provided by the Husband to the Wife as ... alimony for the Wife and child support monies for the minor children." Despite the wife's use as conduit for the payments upon the mortgage, it is clear that the husband had the ultimate burden. The residence the parties owned during the marriage was held as a tenancy by the entireties. Upon divorce they owned it as tenants in common, and each had the burden of one-half the expenses. Lyons v. Lyons, 208 So.2d 137 (Fla. 3d DCA 1968). However, the party who is made responsible for the mortgage payments should be allowed credit against the non-paying party's one-half share from the proceeds of the sale of the home. Jones v. Jones, supra.
We conclude the cause should be remanded in order that the final judgment be amended to conform with this opinion.
We also agree with appellant that the trial judge should have provided that appellee's exclusive use and possession of the marital home and appellant's alimony obligations would cease upon appellee's remarriage, and the judgment is amended accordingly. Jones v. Jones, supra; Hendricks v. Hendricks, 312 So.2d 792 (Fla. 3d DCA 1975).
The trial judge failed to specify a termination date for the periodic award of alimony. It provided only that the amounts be paid until further order of court. It is difficult to determine whether the court intended the award to be permanent or rehabilitative. If rehabilitative, the judgment should specify a termination date. Zilbert v. Zilbert, 287 So.2d 100 (Fla. 3d DCA 1973). The cause is remanded for such purpose.
The final judgment is affirmed in part, reversed in part and remanded for further action consistent with this opinion.
MILLS, Acting C.J., and MASON, ERNEST E., Associate Judge, concur.