379 So.2d 189 (1980)
Priscilla McMASTER, Wife, Appellant,
v.
Joseph Robb McMASTER, Husband, Appellee.
No. 77-2643.
District Court of Appeal of Florida, Fourth District.
January 30, 1980.
*190 Bruce W. Parrish, Jr., of O'Connell & Cooper, West Palm Beach, for appellant.
Gene Moore, Boynton Beach, for appellee.
MOORE, Judge.
The parties to this dissolution of marriage action were married approximately eight years and had one child, age six, at the time of the dissolution. The appellant-wife appeals from the final judgment, which was modified on rehearing. She argues alternatively that the court should have awarded her the husband's interest in the marital home as lump sum alimony or it should have granted her exclusive possession of the marital home. We reverse in part.
In the final order, as modified, the trial court awarded the wife, among other things, the custody of the child, alimony of $90.00 per week and child support of $35.00 per week. She was awarded possession of the marital home only until the parties reached an agreement regarding its sale, or until the property was judicially partitioned. The husband was ordered to pay all mortgage payments, insurance and taxes on the marital home until it was sold or partitioned, at which time he was to be credited for the principal reduction of the mortgage.
Under appropriate circumstances, a wife may be awarded the husband's interest in a marital home as lump sum alimony. Our review of the record in the instant case fails to indicate any justification for such an award. Nevertheless, it is well established that a wife may be entitled to exclusive use and occupancy of the marital home formerly held as a tenancy by the entirety, as long as she remains unmarried and uses the home as a residence for herself and minor children who are dependent upon the parties for support. Bianchini v. Bianchini, 374 So.2d 620 (Fla. 4th DCA 1979); Singer v. Singer, 342 So.2d 861 (Fla. 1st DCA 1977).
We recognize that the trial court was dealing with a difficult situation because the upkeep of the marital home was expensive and, in his opinion, not within the means of the parties. In addition, the home was being wasted. Nevertheless, the record reflects that the husband had a gross income of approximately $750.00 per week, out of which he was ordered to pay the alimony, child support, mortgage payments, insurance and taxes. On the other hand, the wife was unemployed and had no income. In view of their respective financial positions, the trial court should have awarded the wife exclusive use and occupancy of the marital home for as long as she remains unmarried and continues to use the home as a residence for herself and the minor, dependent, unmarried child. In our judgment, the trial court abused its discretion in limiting the wife's exclusive use and occupancy only until the parties agreed to a sale of the property or until the property was judicially partitioned. See Singer v. Singer, supra.
During the course of the proceedings in the trial court a lien for attorneys fees was impressed upon the proceeds of any recovery by the wife in favor of her former attorneys who withdrew during the course of the litigation. The parties have now stipulated that the lien should be quashed and voided. Accordingly, on remand, the trial court should quash and void the lien in favor of appellant's former attorneys.
In all other respects, the final order of dissolution of marriage, as modified on rehearing, is affirmed, and this cause is remanded to the trial court with directions to enter an amended final judgment consistent with the views expressed herein.
*191 REVERSED IN PART and AFFIRMED IN PART.
LETTS, J., and MIETTE K. BURNSTEIN, Associate Judge, concur.