387 So.2d 546 (1980)
Shirley M. POWER, Appellant,
v.
Shirley L. POWER, Appellee.
No. 80-59.
District Court of Appeal of Florida, Fifth District.
September 10, 1980.
*547 Jon S. Rosenberg, Orlando, for appellant.
Stephen M. Stone of Segal, Woods & Stone, Orlando, for appellee.
WALKER, GRISSIM H., Associate Judge.
Husband brought a suit for partition, following an earlier dissolution of marriage in 1973 wherein the husband was awarded custody of the minor children and was given possession of the marital home:
until the youngest child reaches majority, dies, marries or otherwise becomes self-supporting, at which time the parties may dispose of said home as they mutually agree, and if they cannot agree, then either party may petition the Court to partition said home and upon the sale of the same to divide the net proceeds equally between them.
The youngest child reached majority in June, 1979. The parties could not agree on a disposition of the home and the suit for partition followed.
In the partition proceeding, the husband sought reimbursement for one-half of the amount he had expended during his occupancy for reduction of principal on the first and second mortgages on the property and for taxes. The wife sought reimbursement for one-half of the fair rental of the property during the husband's occupancy. The trial court rejected the claim of the wife and awarded the husband credit for one-half of his payments on mortgage principal and taxes. The wife appealed the trial court's denial of her request for reimbursement. We affirm.
The trial court was correct in awarding the husband reimbursement for one-half of his payments of principal on the mortgages and taxes. Rubino v. Rubino, 372 So.2d 539 (Fla.1st DCA 1979). Indeed, the wife does not contest this reimbursement.
The trial court was equally correct in denying reimbursement to the wife of one-half of the rental value of the home. The husband was awarded custody of the children and no monetary support was ordered to be paid by the wife to the husband for the support of the children. However, as the wife's contribution to the support of the children, the husband was awarded possession of the residence during the minority of the children. In Duncan v. Duncan, 379 So.2d 949 (Fla. 1980), the Supreme Court stated that "exclusive possession of property subject to disposition in a dissolution proceeding [may be awarded where it is] directly connected to the obligation to pay support or temporarily necessary to prevent *548 reduction in the value of the subject property." The award of the residence in the case sub judice was a facet of child support. Such an award to the husband by the court did not amount to an ouster of the wife by the husband. It was not an ouster of one co-tenant by another co-tenant. Thus the rule applied in Adkins v. Edwards, 317 So.2d 770 (Fla.2d DCA 1975), and other cases cited in that opinion, does not apply to this case. None of those cases involved the award of exclusive possession of a marital residence to a spouse awarded custody of the minor children with the exclusive custody terminating when the minor children reached their majority.
Where the court awards custody of the minor children and exclusive possession of the marital home during minority of the children to one spouse, the spouse out of possession is not entitled to reimbursement for any part of the rental value of the property while occupied by the spouse and minor children, unless the court in the judgment of dissolution has specifically provided otherwise.
The trial court ordered the husband to pay $750.00 towards the wife's attorney's fee. Section 64.081, Florida Statutes (1979). The husband filed a cross-appeal. We find no abuse of the trial judge's discretion in this regard.
Affirmed.
ORFINGER and SHARP, JJ., concur.