393 So.2d 40 (1981)
Manuel E. ABELLA-FERNANDEZ, M.D., Appellant,
v.
Alicia E. ABELLA, Appellee.
No. 80-266.
District Court of Appeal of Florida, Third District.
January 20, 1981.
Rehearing Denied February 20, 1981.
Harold M. Braxton, Miami, for appellant.
Alan M. Medof, Miami, for appellee.
Before HUBBART, C.J., and NESBITT, J., and MELVIN, WOODROW, M. (Ret.), Associate Judge.
NESBITT, Judge.
The husband appeals from certain provisions of a final judgment of dissolution of marriage. The only points which we consider deserving of our attention are: (a) the features of the judgment which awarded the wife the use and occupancy of the former marital residence until the parties' child attains the age of eighteen years; and (b) that aspect which required the husband, under the guise of child support, to pay the mortgage payments, taxes, insurance, utilities, and to make minor repairs to the premises without credit for expenditures upon joint sale or ultimate partition of the premises. The wife was not awarded temporary or permanent periodic alimony.
Once again, we reiterate that, upon dissolution of a marriage, the parties become tenants in common in the marital home under Section 689.15, Florida Statutes (1979). As joint tenants, the obligations in the property are joint and the tenant meeting those obligations is entitled to credit, upon the sale or partition of the residence. *41 Jones v. Jones, 330 So.2d 536 (Fla. 1st DCA 1976); Lyons v. Lyons, 208 So.2d 137 (Fla.3d DCA 1968); see also, Rutkin v. Rutkin, 345 So.2d 400 (Fla.3d DCA 1977); Whiteley v. Whiteley, 329 So.2d 352 (Fla. 4th DCA 1976). Consequently, the husband should be given credit for these expenditures upon the joint sale or ultimate partition of the premises.
The husband further challenges the provisions of the final judgment which granted the wife the use and occupancy of the home even if she remarried. This would leave the former husband the obligation to provide shelter and habitation for ex-wife's new spouse. Such a ruling has no basis in law and is indeed a frustrating and pernicious rule to visit upon the former husband. Strollo v. Strollo, 365 So.2d 189 (Fla. 1st DCA 1978); Jones v. Jones, supra; Hendricks v. Hendricks, 312 So.2d 792 (Fla.3d DCA 1975). Consequently, this aspect of the judgment should be deleted.
Except as modified by this decision, the judgment is affirmed with directions to enter an appropriate judgment in accordance with this opinion.