400 So.2d 1270 (1981)
In re the Marriage of Henry James CALDWELL, Appellant,
v.
Judy CALDWELL, Appellee.
No. 80-696.
District Court of Appeal of Florida, Fifth District.
June 24, 1981.
Rehearing Denied July 24, 1981.
*1271 Henry J. Martocci, Cocoa, for appellant.
Hubert C. Normile, Jr., of Storms, Krasny, Normile, Dettmer & Gillin, P.A., Melbourne, for appellee.
FRANK D. UPCHURCH, Jr., Judge.
Appellant/husband appeals from a judgment of dissolution of marriage. Trial counsel for appellant (who was not appellate counsel) filed an answer asking the court to grant the husband a special equity in the marital residence. Counsel later amended the answer dropping all reference to the special equity and substituting therefor a claim that the husband was the sole owner of the property. The claim of sole ownership was based on the alleged nullity of the quit claim deed conveying an interest to the wife. No transcript of the trial was made but the court executed an "Approved Statement of Proceedings" pursuant to Florida Rule of Appellate Procedure 9.200(b)(3). According to that statement, the court had determined that:
[I]ssues concerning the validity of a quit claim deed between appellant as grantor and appellee as grantee was a classic case to remove the cloud on the title to property and that the trial court should go ahead and dissolve the marriage and establish the amount of child support leaving all questions relating to the record title owner or the rights of the parties to the ownership of the former marital dwelling to be litigated after the conclusion of the dissolution of marriage action in a separate action instituted for the purpose of removing a cloud on the title to the former marital dwelling.

Appellant contends that the court should have considered the question of a special equity. Without a record, however, we cannot determine what was proved or considered. While under Ball v. Ball, 335 So.2d 5 (Fla. 1976), the bare allegation that the husband was the owner of the property before the marriage may support a claim for special equity, nothing in the pleadings or record here shows that the court was ever asked to rule on a special equity. An examination of the answer and amended answer reflect an abandonment of the claim of a special equity. Under such circumstances, it clearly was not error for the court to fail to grant or deny a special equity. As to the question of the validity *1272 of the deed, the statement of proceedings clearly reflects that the court did not rule on that issue and, while the court could have considered that question in the dissolution proceedings, see Firestone v. Firestone, 263 So.2d 223 (Fla. 1972), no objection is noted to having a separate determination of the validity of the deed.[1]
The second point raised by appellant is whether the trial court erred in providing the wife, the custodial parent, with the exclusive use of the marital residence as an element of child support.
The language of the final judgment to which this question is addressed, is:
4. As an element of child support, Petitioner shall continue to have the exclusive use and possession of the marital residence located as 2320 Reef Avenue, Indialantic, Florida, for herself and the minor child until further order of the court, provided, however, that no person of the opposite sex not related by blood or marriage shall occupy the said premises.

Appellant contends that the court did not have authority to grant to the wife the right to exclusive possession of the residence in the event she remarries.
Prior to Duncan v. Duncan, 379 So.2d 949 (Fla. 1980), the Florida courts held that the custodial parent was entitled to the exclusive use and possession of the marital home until the parties' children reached majority or until his or her remarriage. See, e.g., McMaster v. McMaster, 379 So.2d 189 (Fla. 4th DCA 1980); Bailey v. Bailey, 361 So.2d 204, 205 (Fla. 1st DCA 1978); Jones v. Jones, 330 So.2d 536 (Fla. 1st DCA 1976); Hendricks v. Hendricks, 312 So.2d 792 (Fla. 3d DCA 1975). Duncan rejected the asserted "inflexible rule" that exclusive possession must terminate when all children born of the marriage have attained the age of majority. The court, however, did not address the issue whether the award must terminate upon remarriage of the spouse. Cases decided after Duncan have continued to impose this requirement. See, e.g., Abella-Fernandez v. Abella, 393 So.2d 40 (Fla. 3d DCA 1981); Dykes v. Dykes, 389 So.2d 334 (Fla. 1st DCA 1980). The wife argues that the award was labeled "child support" and that child support is unaffected by remarriage of the custodial parent.
The award of exclusive possession of the marital home also contributes to the support of the wife by providing her with rent-free housing. Should the wife remarry and her new husband move into the home with her, appellant would be then contributing to the support of the new husband by providing him with rent-free housing. While we have found no cases on point, we believe the better rule to be that exclusive possession should terminate upon the wife's remarriage. While this would be a change in circumstances justifying a reexamination of the child support obligation, we hold that one spouse cannot be deprived of his or her right to possession of jointly held property awarded to the other spouse as an incident of child support upon that parent's remarriage.
We reverse paragraph four of the final judgment insofar as it would grant exclusive possession of the marital residence to the wife after her remarriage, and we remand to the trial court to amend the judgment in this respect.
REVERSED IN PART and REMANDED.
COBB and SHARP, JJ., concur.
NOTES
[1] At oral argument counsel for the parties announced that such determination was currently underway.