## PURGER v. PURGER
### No. 77-13933
Seventeenth Judicial Circuit, Broward County
July 8, 1981

Hugh Maloney, Patterson and Maloney, for petitioner.

Harry Michael Hipler, James McCauley, for respondent.

MARK POLEN, Circuit Judge

THIS CAUSE came on for final hearing of the above cause, and the Court having heard the testimony of the witnesses and having examined the evidence and having heard argument of counsel, hereby vacates the Final Judgment for Partition rendered June 26, 1981 in favor of the Amended Final Judgment for Partition, and makes the following findings of fact and conclusions of law:

1. In 1976, the Petitioner, JACQUELINE W. PURGER, the Wife, filed a Petition for Dissolution of Marriage between her and Respondent, JOHN C. PURGER, the Husband. After a final hearing and appeal, the Final Judgment by which the marriage was dissolved on August 19, 1977, became final. Subsequent thereto, the Petitioner herein filed a Complaint for Partition, alleging that:

"A. The plaintiff is a resident of Broward County, Florida, and is a tenant in common with the Defendant, JOHN C. PURGER, who is also a resident of Broward County, Florida.

B. The property sought to be partitioned is located at 3080 N.E. 42 Street, Fort Lauderdale, Broward County, Florida, and is legally described as:

Lot 9, Block L, CORAL RIDGE COUNTRY CLUB ADDITION NO. 3, according to the Plat thereof, recorded in Plat Book 52, Page 14, of the Public Records of Broward County, Florida.

C. The outstanding interests on said property are:

JACQUELINE W. PURGER, whose residence is 6475-4 Bay Club Drive, Bldg. #17, Ft. Lauderdale, FL, as tenant in common with JOHN C. PURGER, whose residence is 6134 N.E. 64 Street, Ft. Lauderdale, FL.

SOUTHEAST MORTGAGE COMPANY, 1390 Brickell Ave., Miami, FL, holder of the first mortgage on said property, in the original principal amount of $41,000. The outstanding balance on said mortgage is $32,046.64. Said mortgage was dated the 22nd day of March, 1965, recorded the 24th day of March, 1965, in Official Records Book 2986, Page 92, of the Public Records of Broward County, Florida.

D. The property is indivisible and is not subject to partition in kind without prejudice to the owners."

2. After several continuances, the cause was heard by the Court, which considered the testimony of the Petitioner, Respondent, a Certified Public Accountant, and a neighbor. No objection was offered to the testimony of petitioner, who generally testified to residence, the dissolution proceeding and Judgment, and the indivisibility of the subject property. The contested issues centered around the type of sale; the amounts paid on behalf of, and incident to, the marital domicile and its repair and maintenance expenses by Respondent; a description of the subject property which has deteriorated without repair from the time of entry of the Dissolution Judgment of 1977; whether Respondent has resided in the marital domicile after the entry of the Final Judgment of Dissolution of Marriage. The Court considered a great deal of documentary evidence and pleadings involved in the dissolution proceeding, the form appropriate for filing a homestead exemption on behalf of the marital domicile, and testimony describing the expenses and damages to the home.

3. The Court considers the following issues:

A. Where a Judgment of Dissolution, and Order on Supersedeas, state that each party *shall* have the right to one-half interest in the obligation and liabilities of the marital domicile, including a credit to the Respondent for amounts paid on the marital domicile, and incidental thereto, is the issue *res judicata* among the parties?

B. May the Petitioner "set off" certain claims by reasonable rental value, so as to reduce amounts owed to the Respondent by virtue of a Judgment and Order?

C. May the Court provide for a clerk's sale pursuant to §45.081, *Florida Statutes,* (1980), or would the appointment of a special master be in the best interests of the litigants.

4. In resolution of the above issues the Court finds that in reference to issue 3A above, once an Order becomes final, a Court retains power to modify the time and manner of its enforcement, but does not retain power, unless by statute, rule, or by specific reservation in the Order, to amend or modify or alter its provisions. See *DeFillippis vs. DeFillippis,* 378 So.2d 325 (Fla. 4th DCA 1980); *Nahoom vs. Nahoom,* 341 So.2d 257 (Fla. 3rd DCA 1977); *Coastal Petroleum Company v. Mobil Oil Corp.,* 378 So.2d 336 (Fla. 1st DCA 1980).

In submitting to the Court that Respondent is entitled to one-half of the marital domicile costs, expenses, and repair, Respondent seeks to obtain only what he is entitled to under the Judgment and Order— one-half of amounts paid on the marital domicile and property. Moreover, this amount includes one-half of amounts paid for, and incidental to, the marital domicile and its upkeep. In *Granthum vs. Granthum,* 374 So.2d 1104 (Fla. 1st DCA 1979), the First District held in its opinion:

> (8)   However, the trial court did err in not providing for the husband to receive credit for the wife's share of the mortgage payment, taxes and insurance on the marital home which he is required to pay. *Strollo vs. Strollo,* 365 So.2d 189 (Fla. 1st DCA 1978), *Rubino vs. Rubino,* 372 So.2d 539 (Fla. 1st DCA 1979). That portion of the trial court's Judgment is reversed and remanded for entry of an order consistent with this opinion.

In *Strollo vs. Strollo,* 365 So.2d 189 (Fla. 1st DCA 1979), the appellate court stated:

> Upon divorce they owned it as tenants in common, and each had the burden of one-half of the expenses. *Lyons vs. Lyons,* 208 So.2d 137 (Fla. 2nd DCA 1968). However, the party who is made responsible for the mortgage payments should be allowed credit against the non-paying party's one-half share from the proceeds of the sale of the home.

Accord, *Jones vs. Jones,* 330 So.2d 535 (Fla. 1st DCA 1976). See also . *Power vs. Power,* 387 So.2d 546 (Fla. 5th DCA 1980).

Not only does the Judgment and Order of Supersedeas provide for credit, the law in Florida provides that the party paying for the marital domicile must be given credit against the non-paying party's one-half share from the proceeds of the sale of the homeplace. Accordingly, the Court finds as a matter of law that Respondent shall take, and is entitled, to one-half of amounts he paid on behalf of the marital

domicile, which sum shall include amounts paid on the mortgage, insurance, taxes, pool service maintenance, exterminator services, and surrounding areas upkeep and maintenance, which shall include the time from the date of the filing of the Complaint for Partition on August 29, 1977, to the time of sale (discussed below), which sum is as follows up to September 30, 1981, or the time of sale, as ownership expenses:

| | |
|---|---|
| A. Mortgage | $12,133.00 |
| B. Taxes | $ 6,769.00 |
| C. Pool Service | $ 1,399.00 |
| D. Exterminator Service | 563.00 |
| E. Surrounding areas maintenance, upkeep (yard, etc.) | $ 3,465.00 |
| F. Insurance | $ 1,670.00 |

In addition, the Court hereby further concludes that *both* parties to the instant litigation shall be equally responsible to the other for any and all repair costs to be incurred to improve the subject property to substantially the same manner it was upon vacation by the Petitioner sometime in 1977 should one party to the instant litigation purchase the other's one-half interest. See *Singer vs. Singer,* 342 So.2d 861 (Fla. 1st DCA 1977), where the Court discussed the words "maintenance and repair". Said amount at trial was a total of $18,276.00, plus interest, and this Court concludes that both parties are equally liable to the other for that amount.

5. In resolution of the above issues the Court further finds that in reference to issue 3B above, is the Petitioner entitled to a "set-off" of reasonable rental value of the marital domicile? No. The Petitioner has vigorously maintained throughout this proceeding that Respondent has resided in the marital property from the entry of the dissolution of marriage Judgment, and that consequently she is entitled to receive an award for reasonable rental value as a "set-off" to those expenses she owes on the marital domicile. See *Potter vs. Garrett,* 52 So.2d 115 (Fla. 1951).

The Court has considered that case and others, see generally, *Seesholtz vs. Beers,* 270 So.2d 434 (Fla. 4th DCA 1972); *Adkins vs. Edwards,* 318 So.2d 770 (Fla. 2nd DCA 1975), *Coggan vs. Coggan,* 239 So.2d 17 (Fla. 1970). The Court finds, after considering the evidence and the demeanor and credibility of the witnesses, that Respondent has *not* resided in the marital domicile since sometime in 1977, but rather has continually maintained a separate residence. Furthermore, even assuming

*arguendo* that he resided in the marital domicile, the Petitioner's "set-off" theory has support in Florida law, Petitioner is not entitled to a "set-off", or charge, of reasonable rental value (as none was adduced at trial by either party by expert or lay testimony). Both parties had reasonable access to the homeplace, and both parties owed a legal and fiduciary duty to maintain said homeplace. Any benefits obtained, for example, by the filing of a homestead exemption, was for and on behalf of, and to benefit the marital domicile. Both parties retained access to the homeplace for repair, maintenance, and use purposes. The homeplace is still, and continues to be, in the name of both parties until sale, and any benefit accruing to Respondent also accrued to the Petitioner equally, i.e., reduced expenses, taxes, or upkeep, which similarly accrues to *both* parties as tenants in common. In *Singer vs. Singer,* 342 So.2d 861 (Fla. 1st DCA 1977), the Court summed up the rule by stating:

> (2) The marital home became a tenancy in common upon entry of the Judgment dissolving the marriage. Tenants in common have a mutual obligation to pay the charges upon the property. *Mintz vs. Ellison,* 233 So.2d 156 (Fla. 3rd DCA 1970). The equity of one of the parties should not be increased by any expenditures made by the other party. *Maroun vs. Maroun,* 277 So.3d 572 (Fla. 3rd DCA 1973) The Judgment before us violates both of these principles. *The judgment should provide that payments on the mortgage, taxes, insurance, maintenance and repair shall be paid equally by the parties.* (Emphasis supplied).

6. In resolution of the above issues the Court further finds that in reference to issue 3C above, is a clerk's sale or the appointment of a special master best, the Court finds after consideration of the costs and time involved in this matter, the Court has considered the two major procedures for a sale—Judicial sale pursuant to Rule 1.490(6), Florida Rules of Civil Procedure) and *Grimsley vs. Rosenberg,* 114 So. 553 (Fla. 1927), or an alternative procedure by the Clerk of the Court, which is efficient and inexpensive, pursuant to §45.031 Florida Statutes (1980). The Court hereby determines that the appointment of a special master will serve the purposes of the parties and hereby appoints Jerome Schector as a special master. In so doing, the Court instructs said master to retain no more than two appraisers or realtors to determine the fair market value of the homeplace, and in addition, to require said appraiser or realtor to view the inside at the homeplace and surrounding areas, to determine the impact of the substantial deterioration to the inside of the homeplace and areas, and termite damage, in its appraisal and report of the fair market value of the homeplace.

WHEREFORE, the Court being duly advised in the premises, it is

ORDERED AND ADJUDGED that the property be, and the same is hereby partitioned in accordance with the above provisions, and divided among the parties pursuant to a special master's sale.

1. The Court reserves Jurisdiction for the assessment and award of attorney's fees and costs, if applicable, and enforcement of this Final Judgment.

2. The Petitioner and the Respondent shall share equally in the proceeds except as otherwise provided herein: Said Respondent, JOHN C. PURGER, shall be credited with one-half of amounts paid by him plus interest up to the date of sale which equals one-half of $25,999.00, or $12,999.50, as credit.

3. The petitioner or Respondent may be the bidder for the purchase of the property at the sale and shall be given at least 20 days notice. No sale shall occur while either party is out of the county, unless specifically waived by said party or their lawful representative; and said sale shall be made approximately 60 days from rendition of this amended Judgment and no later than 75 days. Should either party herein purchase the other's interest, said party shall have the option to maintain said present mortgage, if applicable.

4. After confirmation of that sale, the special master shall make distribution of the proceeds of that sale by paying:

A. All costs and expenses of these proceedings and the fees for making the sale, including attorney's fees, shall be borne equally between Petitioner and Respondent, as is their respective interests, and the fee allowed to the attorneys for Petitioner and Respondent will be determined at a further hearing, for which jurisdiction is retained, See §64.081, *Florida Statutes* (1980); *Martin vs. Estate of Ricks,* 363 So.2d 636 (Fla. 3rd DCA 1978)) *Greene v. Galloway,* 332 So.2d 53 (Fla. 1st DCA 1976).

B. One-half of the total sum herein found to be due the Petitioner, with the remaining balance to the Respondent, and credit to Respondent as stated in paragraphs above.

5. The Court herein reserves Jurisdiction for the purpose of entering such further orders that are necessary to enforce this Judgment and further directives to said special master, including the assessment of attorneys' fees and costs, if applicable.

6. The Court reserves Jurisdiction to make further orders regarding the sale of the property, including a determination of any amounts to be credited up to the sale. See generally *Hasle vs. Maasbroch,* 120 So.2d 794 (Fla. 3rd DCA 1960).