ANSTEAD, Judge.
This is an appeal from an order terminating an ex-wife’s exclusive possession of the marital home subsequent to her second marriage and divorce. We reverse.
The marriage of appellant Babette Ruth Briner and appellee Gene LaRue Briner was ended by final.judgment of dissolution rendered April 3, 1974. The wife received custody of their three minor children and the husband was required to pay child support, but no rehabilitative or permanent alimony. Paragraph three of the judgment made the following disposition of the parties’ jointly owned marital residence:
[Tjhat title to said home shall remain in both parties, however, the Petitioner-Wife is to have possession of the said real property until such time as the wife remarries, the youngest child reaches his or her majority, the wife ceases to live on the premises with the child or children, whichever occurs first, the wife is to make the mortgage payments on the marital residence, and in the event of the future sale of the said real property the Wife is to receive credit in addition to her equity therein on all payments on principal paid by her from date hereof.
The wife remarried on July 5, 1974, and gave birth to another child in January, 1975. She resided with her second husband for only six months and they were divorced in June of 1976, Throughout this time the wife remained in exclusive possession of the home.
On July 16, 1979, ex-husband Briner filed petitions for change of custody, partition, and compensation for the reasonable rental value of the property. The wife opposed the husband’s petitions, and filed her own counter-petition for modification, asserting that the husband had waived his right to oust her from possession and that she should continue to have possession as an incident of child support. Subsequently, the trial court accepted the recommendation of a general master that custody remain with the mother but that the wife’s possession of the former marital residence be terminated because of her remarriage and without regard to the circumstances occurring after the remarriage.
An award of exclusive possession of real property is usually made for some purpose of maintenance. Sistrunk v. Sistrunk, 235 So.2d 53, 55 (Fla. 4th DCA 1970). It may, for example, aid a spouse with personal *212 problems, Lange v. Lange, 357 So.2d 1035 (Fla. 4th DCA 1978); benefit the minor children, McMaster v. McMaster, 379 So.2d 189, 190 (Fla. 4th DCA 1980), and Richardson v. Richardson, 315 So.2d 513, 514 (Fla. 4th DCA 1975); or serve some similar purpose. Duncan v. Duncan, 379 So.2d 949, 952 (Fla.1980).[1] So long as exclusive possession rests with one spouse, the other is deprived of his beneficial enjoyment of the property or the right to seek partition thereof. For this reason an award of exclusive possession has been limited to unique circumstances, usually involving the custody of children, where a need exists to vest continuing possession of the property in one spouse for a limited period of time, such as the time when the children come of age. Labeling exclusive possession as a property right or as simply a form of child support or alimony is of little use beyond identifying the original rationale upon which the award was predicated: “The critical question is whether the award is equitable and just given the nature of the case.” Duncan, at 952.
The remarriage of a wife awarded exclusive possession has been deemed a sufficient change in circumstances to justify a modification of the provision for exclusive possession and to confer on the husband standing to maintain an action for partition. See Hazelwood v. Hazelwood, 345 So.2d 819 (Fla. 4th DCA 1977). The reason most frequently assigned for authorizing termination of possession upon remarriage is that a former spouse should not be obligated to provide shelter for the wife’s new spouse. Abella-Fernandez v. Abella, 393 So.2d 40, 41 (Fla. 3d DCA 1981); Lambert v. Lambert, 403 So.2d 484, 486 (Fla. 1st DCA 1981); and Caldwell v. Caldwell, 400 So.2d 1270, 1272 (Fla. 5th DCA 1981). However, even where partition of real property is available as a matter of right, such right may be waived or the claimant may be estopped from asserting the right. Condrey v. Condrey, 92 So.2d 423 (Fla.1957). In addition, as noted above, a provision for exclusive possession is subject to modification whenever there is a change of circumstances. Duncan, at 952; Lambert, at 487; also see Section 61.13, Florida Statutes, which provides that a court may modify child custody and support orders when the court finds it necessary because of a substantial change of circumstances of the parties.
In this case it is clear that the husband had the initial right to seek partition upon the wife’s remarriage. The original dissolution decree specifically contemplated that her possession would terminate upon remarriage. However, although the wife remarried in 1974, the husband did not seek partition until 1979. If the husband knew of his former wife’s remarriage but did nothing to oust her from possession, he may be es-topped to assert his claim in equity, which is the basis of all actions for partition. § 64.011, Fla.Stat. (1981). See Condrey v. Condrey, supra.
Furthermore, even if the wife’s right to exclusive use and possession would ordinarily have been subject to termination when she remarried, we believe she was still entitled to seek modification of the termination provision upon a sufficient showing of changed circumstances. § 61.13, Fla.Stat. (1981), Duncan, supra. Here the wife contends that it is in the best interests of the parties’ three children to continue to reside in the same home and that a modification to permit continuing possession as an incident of child support would be appropriate. She cites the short duration of her second marriage and appellee’s acquiescence in her continued possession thereafter. She also relies on the economy of the present arrangement. She suggests, for example, that it may be more economical to continue the present arrangement then to have the husband pay increased child support for new housing. On the other hand, the husband cites his lack of obligation to provide housing for a child not his own and for the wife’s second spouse. He also contends that he is now entitled to the beneficial enjoyment of his interest in the property since the final judgment specifically contemplated this eventuality.
*213 We think the contentions of both parties have merit. However, in our view, these contentions are appropriate factors to be weighed by the trial court upon trial of the respective petitions for modification to determine whether possession should continue. In this way both parties will have an opportunity to present evidence to support' their positions. Such a procedure is compatible with the Supreme Court’s pronouncement in Duncan rejecting the adoption of inflexible rules for determining when an award of exclusive use of property may be appropriate.
Accordingly, for the reasons set out above, we conclude that the wife was entitled to a hearing on her claim that the husband had waived his entitlement to partition and on her petition for modification, which sought continuing exclusive possession of the marital home. The trial court’s orders are hereby reversed and this cause is remanded for further proceedings consistent herewith.
GLICKSTEIN and HURLEY, JJ., concur.

. In Duncan the husband was awarded exclusive possession of a parcel of jointly owned property so that his elderly parents could continue to reside thereon.