JOANOS, Judge.
Appellant seeks reversal of a final judgment containing divorce decree modifications which require him to pay continued child support at a higher dollar to child ratio then the prior aggregate award[1] and to make capital improvements to the jointly-owned home possessed by his ex-wife, without provision to credit appellant for the expenditure at the time of sale.[2] We affirm the final judgment, except that portion requiring appellant to repair the heating and cooling system without providing that he be credited for the expenditure when the jointly-owned house is sold. See Rubino v. Rubino, 372 So.2d 539 (Fla. 1st DCA 1979). The amended judgment shall provide for appellant’s entitlement to a credit or increased equity insofar as the expenditure exceeds his share of the financial responsibility for the jointly-owned property, or, in other words, for the part of his expenditure legally proratable to the cotenancy of his former wife and not to his own interest in the property.
Accordingly, the final judgment is affirmed in part, reversed in part, and remanded to the trial court to amend the judgment appealed to provide for the credit to appellant when the jointly-owned house is sold as provided above.
SHIVERS and WENTWORTH, JJ., concur.

. The divorce decree had initially required an aggregate award of $1,100.00 per month child support for three children. Appellant unilaterally reduced his payments by one-third as each of the older two children no longer required support.

. Expenses for repair of the heating and cooling system were estimated to be $4,000.00 to $5,500.00.