LETTS, Chief Judge.
This is an appeal from a final judgment of dissolution of marriage. The wife of this twelve year marriage neither protests the failure to award permanent periodic, nor the de minimus award of rehabilitative, alimony. Instead, she claims that along with the child support given, she should have been granted exclusive possession of the jointly held marital home until the youngest of two children given into her primary custody (now nine years old) reaches majority or until she remarries. We agree and reverse.
Certainly, we do not intend to cast in stone the proposition that any time the title to the marital home is jointly held and there are minor children primarily assigned unto the wife’s care, she will always get exclusive possession during the minority of the offspring. In truth we recognize a multitude of varying factors may dictate otherwise depending on particular circumstance. However, there is plenty of case law to support such an award which does appear particularly appropriate here. See Duncan v. Duncan, 379 So.2d 949 (Fla.1980); McMaster v. McMaster, 379 So.2d 189 (Fla. 4th DCA 1980); Lange v. Lange, 357 So.2d 1035 (Fla. 4th DCA 1978); Sistrunk v. Sistrunk, 235 So.2d 53 (Fla. 4th DCA 1970); Cutler v. Cutler, 421 So.2d 585 (Fla. 3d DCA 1982).
In the case at bar, no permanent alimony was awarded and only $50 a week in rehabilitative support for eighteen months was ordered. Against this backdrop the husband earns nearly eight times as much as the wife and she will assume the entire burden of the mortgage payments on the house.
Accordingly, in view of the absence of any other substantial awards in the final judgment, we find it an abuse of discretion not to have awarded the wife the exclusive possession of the marital home until the youngest child reaches majority or until she remarries.
In all other respects the trial court’s final judgment, as amended, is upheld and the cross appeal rejected.
REVERSED AND REMANDED.
DOWNEY, J., and LEE, J. CAIL, Associate Judge, concur.