471 So.2d 210 (1985)
Jerome Simon GUDINAS, Appellant,
v.
Eugenia Wanda GUDINAS, Appellee.
No. BA-449.
District Court of Appeal of Florida, First District.
June 21, 1985.
*211 Charles J. Kahn, Jr. of Levin, Warfield, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, Pensacola, for appellant.
John L. Myrick of Kinsey, Myrick, Troxel & Johnson, Pensacola, for appellee.
JOANOS, Judge.
In the final judgment of dissolution of the 20 year marriage during which the parties had six children, the circuit court determined the parties would become tenants in common of the marital home with Mrs. Gudinas having exclusive possession of the home until the youngest child reached age eighteen. The court ordered Mr. Gudinas to pay all principal, interest, insurance, and taxes on the home so long as any of the minor children resided there. One-half of these payments were to be considered his required payments as co-tenant and the other half were to be considered as partial child support. In addition, Mr. Gudinas was ordered to pay $115.00 per month per child as child support. The court also resolved other property and financial issues.
We are not persuaded by Mr. Gudinas's first argument on appeal and conclude that the circuit court did not abuse its discretion in its determination of the total amount of alimony and support Mr. Gudinas is required to provide, see Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980). Mr. Gudinas also contends, however, that the circuit court erred in failing to afford him credit for one-half of the mortgage payments in the event of sale of the house and essentially requiring him to increase Mrs. Gudinas's equity in the marital home, citing Hutcheson v. Hutcheson, 426 So.2d 1273 (Fla. 1st DCA 1983). He argues that characterizing this payment as partial child support does not salvage the error, citing Jones v. Jones, 330 So.2d 536 (Fla. 1st DCA 1976).
Mrs. Gudinas agrees that Mr. Gudinas is entitled to credit for half of the mortgage payment, but contends that on remand the trial court should be allowed the opportunity to award additional child support in place of this support measure.
We agree with the parties that if Mr. Gudinas is required to pay Mrs. Gudinas's portion of the mortgage payment, he should be credited, for purpose of eventual sale of the house, in the amount his monthly mortgage payments exceed his financial responsibility as a co-tenant. However, because of our reversal on this point, upon remand the circuit court may revisit the issue of child support and award support in a different manner. See Jones, supra.
Reversed and remanded.
ERVIN, C.J. and SHIVERS, J., concur.