MILLS, Judge.
In this appeal and cross-appeal from a final judgment in a dissolution of marriage proceeding, the former husband challenges the alimony and child support awards, and also the terms of the final judgment concerning eventual sale of the marital home. The former wife challenges a provision requiring sale of the marital home if she cohabits there with an unrelated male. We affirm in part and reverse in part.
We find no error or abuse of discretion in the trial court’s award of alimony and child support. We do, however, agree with the former husband that the trial court erred in providing that, following the period of the wife’s exclusive use and possession, the marital home shall be sold and the proceeds divided, without also providing that the former husband is entitled to a credit for funds expended by him, in excess of his obligation as a cotenant, for the mortgage and maintenance of the marital home during the period of the former wife’s exclusive use and possession. Gudinas v. Gudinas, 471 So.2d 210 (Fla. 1st DCA 1985); Jones v. Jones, 330 So.2d 536 (Fla. 1st DCA 1976). Because the former husband’s obligation, with respect to the expenses of the marital home, was denominated in the final judgment as child support, we note, as in Gudinas and Jones, that the trial court may revisit the issue of child support upon remand.
Finally, as urged on cross appeal, we strike the provision requiring sale of the marital home if the wife “cohabits with an unrelated male.” Such a provision is only sustainable if it is necessary to safeguard the children’s interests. Danoff v. Danoff, 501 So.2d 1361 (Fla. 4th DCA 1987). There is no evidence of such necessity in the record.
AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings.
SMITH, C.J., concurs.
NIMMONS, J., concurs with written opinion.