W. SHARP, Judge,
dissenting.
I respectfully dissent. While I agree the dissolution judgment under review in this case should be substantially affirmed, it fails to comply with prior precedents from this court in three regards. Accordingly, it should be remanded for correction, if we are to achieve uniformity in results in this district as well as uniformity in written opinions.
The final judgment gave exclusive use and possession of the marital home to the appellant (former husband Scott Lawlor) pending its sale. The residence had been offered for sale for more than one year while the dissolution case was pending, but had found no “takers.” In the judgment, the parties were ordered to list the property with a real estate broker at a price mutually agreeable to both. If they could not agree on a price and list the property within thirty days, the court ordered it be judicially partitioned.
Until the property sold, Scott was made responsible for all mortgage payments, taxes, insurance and maintenance of the marital home. Upon its sale, the parties will split the net proceeds. Scott argues here he is entitled to credit for one-half of the marital residence payments which he will have to make on behalf of his former wife (Carol Lawlor) pending sale of the property. I agree that he is entitled to such a credit.
Upon dissolution, the former husband and wife become tenants in common with mutual obligations to pay charges on the property held in common. Pau v. Pau, 537 So.2d 639 (Fla. 2d DCA 1988). Florida law is clear that a cotenant who makes pay *331 ment for expenses on property in excess of his share has a right of reimbursement from the other cotenant(s). Kelly v. Kelly, 583 So.2d 667 (Fla.1991); Heldmyer v. Heldmyer, 509 So.2d 1310 (Fla. 5th DCA 1987); Wood v. Friedman, 388 So.2d 1355 (Fla. 5th DCA 1980); Strollo v. Strollo, 365 So.2d 189 (Fla. 1st DCA 1978); Jones v. Jones, 330 So.2d 536 (Fla. 1st DCA 1976); Hendricks v. Hendricks, 312 So.2d 792 (Fla. 3d DCA 1975).
In dissolution cases, the trial court may specifically order that a party not receive reimbursement where, for example, the excess payments are in the nature of support, but a basis must exist in the record to confer such a benefit. Pastore v. Pastore, 497 So.2d 635 (Fla.1986); Jones at 539; Hendricks at 795. In this case there is none. No support to the former wife was provided, and no other basis for benefiting her seems apparent in this record. See Vena v. Vena, 556 So.2d 436, 437 (Fla. 5th DCA 1990). Where the final judgment is silent as to reimbursement of a cotenant’s expenses, the obligor spouse is entitled to reimbursement for one-half of those payments. I would remand for clarification of this point. See Kelly at 668, 669; Hendricks.
In addition, the final dissolution judgment requires the former husband to provide medical, hospital and dental insurance coverage for the minor child of the parties, and to pay all reasonable and necessary nonreimbursable costs without limitation. Section 61.13(l)(b), Florida Statutes (1989) provides that child support orders “shall contain a provision for health insurance for the minor child when the insurance is “reasonably available ” (emphasis supplied). Health insurance is reasonably available where the obligor has access to it at a reasonable rate for group insurance[1] (emphasis supplied). The record must demonstrate the reasonable availability of the insurance.[2]
In this case, the trial court did not find that the insurance was reasonably available, and as in Haas v. Haas, 552 So.2d 221 (Fla. 2d DCA 1989), the record is unclear on this issue. I would remand to the trial court for a determination of this matter.
Further, I think the requirement that appellant pay all nonreimbursable hospital, dental, and medical expenses without any limitation in terms of amount or potential financial exposure is not consistent with this court’s ruling in Marsh v. Marsh, 553 So.2d 366 (Fla. 5th DCA 1989).[3] If we now disagree with Marsh, we should expressly en banc this case and recede from it. Otherwise, we should follow Marsh, and remand to the trial court to allow it to set limits as to appellant’s obligation as opposed to appellee’s. Even appellee conceded error in this regard.

. Section 61.13(l)(b), Fla.Stat. (1989).

. See Rey v. Rey, 1991 WL 168624, 16 FLW D2342 (Fla. 5th DCA September 5, 1991) (record demonstrates reasonable availability of health insurance); Haas v. Haas, 552 So.2d 221, 224 (Fla. 2d DCA 1989) (reasonable availability of health insurance unclear; remanded for determination).

.See Jones v. Jones, 493 So.2d 19 (Fla. 5th DCA 1986).