PER CURIAM.
We affirm on all issues save one. We reverse paragraph 18(c) in the trial court’s Findings of Fact and Final Judgment, and remand for the entry of an order correcting that provision.
In awarding the former husband a credit for mortgage payments made by him after the dissolution of marriage, the court erred by including within the credit an 18 month period when he made only his half share of the mortgage payments. The period ran from April 1989 to October 1990 when the house was sold. He is not entitled to a credit for that 18 month period because he incurred no burden for the former wife’s share of the mortgage payments during that period. See Kelly v. Kelly, 583 So.2d 667, 668 (Fla.1991), and Brandt v. Brandt, 525 So.2d 1017, 1019-21 (Fla. 4th DCA 1988). See also Mummaw v. Mummaw, 532 So.2d 737 (Fla. 1st DCA 1988), and Tinsley v. Tinsley, 490 So.2d 205 (Fla. 3d DCA 1986).
On remand, the trial court shall limit the former husband’s mortgage-payment credit to the period from August 1987 to April 1989. In all other respects, the trial court’s disposition is affirmed.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH DIRECTIONS.
LETTS, WARNER and FARMER, JJ., concur.