JOHNSON, Judge.
In this case, the appellant brought suit pursuant to Chapter 87, Florida Statutes, F.S.A., for declaratory determination of the rights of lessees and lessors under a written lease.
Gleaned from a minute study of the somewhat voluminous record, it appears that from a practical standpoint the main question is: What was the intent of the parties to the lease? Closely allied thereto is the factual situation of whether or not the express terms of the written instrument can be explained by the existence of extraneous facts, which almost indisputably affected both the lessees’ and lessors’ intent, such as the actual knowledge by one party of facts which were not called to the attention of the other parties to the lease.
To the complaint the lessors filed an answer, in which they admitted the execution of the lease in question and the written provisions thereof, but set up defenses thereto which in substance was that the negotiations for the lease dealt only with oil and gas and allied subsurface minerals in connection therewith; that the lease was supposed to be practically identical with a lease formerly entered into by the lessors on the same lands, which former lease had been approved by a member of the lessor family who was an attorney at law, familiar with such matters and upon whom the other lessors had relied for guidance, that the plaintiff knew of this former lease and purportedly had copied the same for execution by the present lessors; that prior to the execution of said lease, the plaintiff and/or its agents or officers became aware of the fact that the lease offered for execution by the present lessors did not contain the total lease as formerly given, but that this fact was withheld from the lessors. The further defense was made that there had been a long term timber lease with one of the defendants, Rayonier, Incorporated, and that to construe the lease in question as the plaintiff contends, would be incompatible with the purpose of such lease with Rayonier. Rayonier defended on practically the same reasoning.
The factual crux of the situation is that about the same time or shortly thereafter, phosphate of a profitable quantity and quality was discovered in the vicinity of the lands described in the lease in question, and the lessees elected to interpret its lease literally so as to be able to prospect for and if desirable, mine phosphate, which calls for surface stripping of the land.
The parties have dealt at great length in their arguments as to whether or not the term “minerals” includes phosphate. We do not think it material in reaching our decision in this case.
The lessors thought they were giving the same type lease which had been formerly approved by a member of their group in whom they reposed the greatest confidence, such person being J. A. Phillips, now deceased. The lessee knew that the lessors thought the lease was the same, and in fact represented by the actions of its officers and/or agents, that such was the fact, but being fully aware of the deception that was being practiced, and we use the term deception advisedly, regardless of whether the same is charged or not in the pleadings.
This fact, coupled with the incompatibility of the lease to Rayonier lends great strength to the trial court’s determination of the real intent of the parties, a determination in which this court concurs. It is our conclusion in the case sub judice that parol evidence was not admissible for the purpose of varying the terms of a written instrument, but was admissible to explain the meaning of the terms used therein, as intended by the parties. Further, one party to the lease having peculiar knowledge of the existence of a fact having a direct bearing upon the intent of the parties, who withholds such knowledge intentionally, should not later *826 be permitted to use such knowledge to the detriment of the other party.
The appellant had moved to strike the defenses set up by the appellees, on basically the grounds interwoven in the above discussion by this court, which was denied. This is assigned as error, but we do not so find it to be error.
As to the question of the lessors accepting the benefits of the lease and therefore acquiescing in the construction placed on said lease by the lessee, we find that there was such conflicting interpretations that this question is without merit.
We will not go into the question of just what is meant by the terms “other minerals” inasmuch as it is not necessary for the conclusion reached by us in this case. We feel, and so hold, that the trial court was correct in determining the intention of the parties to the lease, based upon all the surrounding circumstances and negotiations leading up to the procurement of the lease in question, and no fundamental error was committed by the trial court in entering its final judgment of June 30, 1967. All other assignments of error become immaterial in view of this decision.
The Orders appealed from are therefore affirmed.
SPECTOR, J., concurs.
WIGGINTON, C. J., specially concurs.