404 So.2d 782 (1981)
ROYAL CONTINENTAL HOTELS, INC., a Florida Corporation, Appellant,
v.
BROWARD VENDING, INC., a Florida Corporation, Appellee.
No. 79-2361.
District Court of Appeal of Florida, Fourth District.
September 30, 1981.
Rehearing Denied November 3, 1981.
*783 William E. Blyler and James M. Morgan of Patterson, Maloney, Blyler & Feige, Coral Springs, for appellant.
R.J. Fegers of Reasbeck & Fegers, P.A., Hollywood, for appellee.
MOORE, Judge.
The appellee, Broward Vending, Inc., was awarded a final judgment in the amount of $14,972.00 in a non-jury trial against the appellant, Royal Continental, for the latter's breach of contract. Royal Continental appeals the final judgment and we affirm.
The alleged breach of contract centered on the parties' written contract which contained the following cancellation clause:
This agreement shall remain in effect for a period of five years from and after its effective date and shall automatically be renewed on a five year basis thereafter unless either party hereto serves notice upon the other party of its intention to cancel at least 30 days in advance of the termination of the first year, or during any yearly renewal thereof. (emphasis added).
During the course of trial, the court determined that this provision of the contract was ambiguous and it received parol testimony regarding the parties' intention. The trial court then found that it was the intent of the parties that the contract was to have an initial effective period of five years, and that this minimum period could not be terminated by virtue of any language contained in the quoted section. We agree.
Royal Continental entered into a contract with Broward Vending whereby Broward Vending was to provide vending machines and their contents, for two hotels owned by Royal Continental. Within the first year of the contract, Royal Continental became dissatisfied with the services being provided. As a consequence, Royal Continental initially sought to cancel the contract for cause, but later reconsidered upon advice of counsel. Instead, it opted to cancel the contract on the first anniversary of the contract by relying upon the above-quoted cancellation clause. Royal delivered a notice of cancellation to Broward which objected to the cancellation, and Broward eventually filed suit for breach of contract.
It is a cardinal principal of contract construction that the meaning to be attached to the language of an instrument is a question of law to be answered by the trial court where such language is clear, plain, certain, undisputed, unambiguous, and susceptible to only a singular meaning or inference. Royal American Realty, Inc. v. Bank of Palm Beach and Trust Company, 215 So.2d 336 (Fla. 4th DCA 1968); Reliance Insurance Company v. Brickenkamp, 147 So.2d 200 (Fla. 2nd DCA 1962).
It is incumbent upon the trial court, however, to attempt to reconcile inconsistencies in a contract in a manner that renders the contract meaningful. Triple E Development Co. v. Floridagold Citrus Corporation, 51 So.2d 435 (Fla. 1951). The paramount concern in construing contacts is the intention of the parties. Hughes v. Professional Insurance Corporation, 140 So.2d 340 (Fla. 1st DCA 1962), cert. denied 146 So.2d 377 (Fla. 1962); McDonald v. Connell, 158 So.2d 780 (Fla. 2nd DCA 1963). The intent of the parties is derived from the language of the contract when such language is without *784 ambiguity; however, if an ambiguity exists, parol evidence is properly admitted to resolve such ambiguity and explain the intention of the parties to the contract. Royal American Realty, Inc., supra, at 338; Mason v. Avdoyan, 299 So.2d 603 (Fla. 4th DCA 1974).
It would appear that there was an initial minimum contract term of five years that was not affected by the subsequent language which relates to automatic renewal and termination thereof. Such a construction would comport with logic and reason. See, Baker and Company, Florida v. Goding, 317 So.2d 118 (Fla. 3rd DCA 1975), cert. denied 328 So.2d 840 (Fla. 1976). However, we are not empowered to make such an initial interpretation of the cancellation clause. Rather, we are constrained simply to determine whether the trial court properly found that an ambiguity was presented by the clause and, assuming that such an ambiguity did exist, whether it was proper for the trial court to receive parol evidence to elucidate the true intent of the parties.
Of course, the trial court's finding of an ambiguity in the language of the clause was centered upon the somewhat vague language employed by the parties to define the method and timeliness for termination of the otherwise automatic renewal of the contract. This conditional phrase (which we have underlined for emphasis) makes it unclear whether the cancellation of the contract was possible during the first year of the term, or whether such cancellation was inappropriate until at least the sixth year of the contract. Because of this ambiguity, the trial court received parol evidence which indicated that Broward Vending originally had requested a minimum seven year period due to Royal Continental's demand that, among other things, new machines be installed in its hotels and that complimentary machines be installed for the benefit of Royal Continental's employees. Royal Continental initially resisted such a lengthy initial period and the parties eventually agreed instead upon a five year minimum period.
We find that the trial court was correct in its conclusion that a certain amount of ambiguity existed within the subject clause, and that it was therefore necessary to admit parol evidence. Although there appears to be some divergence of opinion as to when parol evidence is properly admitted because of the latent ambiguity  patent ambiguity dichotomy, the distinction between the type of ambiguity involved is one of form over substance. The growing and better reasoned trend of authority indicates that the introduction of parol evidence to probe the true intent of the parties is proper, irrespective of any technical classification of the type of ambiguity present. Although the rule in Florida seems to permit the introduction of parol evidence only when a latent ambiguity is present in a contract, the clause in the instant contract has the characteristics of both patent and latent ambiguities; it is both facially problematic and is somewhat obscured by circumstances beyond the face of the contract. Thus, the trial court was correct in attempting to give some rational meaning to the contract rather than rendering the contract void because of a total lack of meaning.
Appellant's second point on appeal is that the damages against it were excessive, such excessiveness being due to the trial court's failure to follow the rule of "reasonable certainty" where damages for lost profits are at issue. We find this contention to be without merit.
Accordingly, the final judgment is affirmed.
BERANEK, J., and KAPNER, LEWIS, Associate Judge, concur.