427 So.2d 1027 (1983)
Gloria M. TYLER, Appellant,
v.
Donald L. TYLER, Appellee.
Nos. 82-109, 82-1030.
District Court of Appeal of Florida, Second District.
February 16, 1983.
Rehearing Denied March 14, 1983.
*1028 Elizabeth Anne Goodale, Largo, for appellant.
Richard B. Moritz of McNulty, Moritz, Pecarek & Dickey, Chartered, Largo, for appellee.
LEHAN, Judge.
In this dissolution of marriage case, the wife appeals from portions of the final judgment involving the disposition of property and rehabilitative alimony. She also appeals from the order denying her request for attorney's fees.
The parties had been married twenty-three years when dissolution proceedings began. There were no minor children of the parties. In the early years of the marriage, the wife worked to support the family while the husband attended dental and orthodontic school. The parties acquired various properties, including the marital residence, which were held in joint names. The wife held in her name 100 shares of Indianapolis Power & Light stock that the husband had bought in her name. The parties owned two condominium units which generated rental income; one unit was held in their joint names, and the other was held in the husband's name alone.
The final judgment of dissolution, among other things, left all jointly-held property in joint names, left to the husband the condominium unit held in his name, and awarded the husband one-half of the stock held in the wife's name. The wife was given exclusive possession of the marital residence "so long as she remains unmarried and does not enter into a living arrangement with a male other than a blood relative." The wife was awarded $2,000 a month for rehabilitative alimony.
The 100 shares of Indianapolis Power & Light stock purchased by the husband and put in the wife's name were a gift to the wife and should have remained her property. The evidence showed that the husband unquestionably divested himself of all interest in the stock for estate planning purposes. The husband is not entitled to a special equity in the stock because he did not show that the stock was purchased with funds acquired outside the marital relationship. Smith v. Smith, 382 So.2d 1242 (Fla. 2d DCA 1980). As to the award to the wife of possession of the marital home, we find inappropriate the restriction placed thereon that the wife would lose possession if she enters into the living arrangement described above. We are not referring to acceptable or unacceptable social or moral standards.[1] The term "living arrangement" in this context may well be ambiguous. There appears to be no necessary relationship of this restriction to either the wife's need for support or to the husband's interest in the property. If in the future the husband wishes to petition for a modification, he may do so. The trial court retained jurisdiction of all jointly-held property, which includes the marital home.
As to the wife's appeal from the denial of her request for attorney's fees, based upon the record we do not find that the trial court erred. The record does not include all proceedings below. No transcript was made of the hearing on attorney's fees.
*1029 Appellant disputes other portions of the final judgment regarding alimony and property disposition. Based upon the record presented to us, we cannot say that the discretion exercised by the trial court was "arbitrary, fanciful or unreasonable" or that the wife passed "from prosperity to misfortune"
Canakaris v. Canakaris, 382 So.2d 1197, 1203, 1204 (Fla. 1980). The trial court had the benefit of all the testimony and evidence in this case.
Accordingly, the final judgment is affirmed in all respects except that we reverse as to the award of the Indianapolis Power & Light stock and the above referenced restriction on the wife's possession of the marital home. On remand, the trial court should award all of that stock to the wife and remove from that restriction the provision that such possession terminates if she enters into the living arrangement described above. The order denying the wife's request for attorney's fees is affirmed.
AFFIRMED IN PART, REVERSED IN PART, and REMANDED WITH DIRECTIONS.
OTT, C.J., and HOBSON, J., concur.
NOTES
[1] There is nothing in the record as to any such prior living arrangements on the part of the wife.