447 So.2d 1026 (1984)
Donna Jean McCLAY, Appellant,
v.
Michael Arnold McCLAY, Appellee.
No. 82-2590.
District Court of Appeal of Florida, Fourth District.
April 4, 1984.
Edna L. Caruso of Edna L. Caruso, P.A., West Palm Beach, for appellant.
No appearance for appellee.
DOWNEY, Judge.
The wife seeks reversal of a final judgment of dissolution.
This ten year marriage produced five children, ages two to nine. The home was jointly owned and the wife was given actual custody of the children under a shared responsibility arrangement. The husband has income of over $3,000 per month while the wife earns about $100 per week from babysitting additional children along with her own. The wife held a teacher's certificate but has not used it since beginning her family, which has taken her full time during the marriage.
The final judgment awarded the wife child support of $300 per month per child, required the husband to pay numerous outstanding bills, awarded her one half of her attorney's fees, and no alimony. The wife contends she should have been awarded the husband's interest in the marital home as lump sum alimony as well as permanent periodic alimony and all of her attorney's fees. In addition, she argues that the provision of the judgment which terminated her exclusive possession of the marital home "if an adult male takes up residence therein," is erroneous.
*1027 Our study of the record and appellant's brief (appellee did not favor us with a brief) convinces us that the appellant's contentions are correct.
We appreciate that under the husband's present financial burden, what with large child support and debt payments, he may not be in a position to pay any significant alimony; however, those things will pass and eventually he will have the ability to do so and meet her needs. Therefore, we believe the court should have made some small award of permanent alimony to preserve her future right to such assistance, see Munger v. Munger, 249 So.2d 772, 773 (Fla. 4th DCA 1971), or at least have reserved jurisdiction to do so at a later day, see Moore v. Moore, 401 So.2d 841 (Fla. 5th DCA 1981).
Furthermore, in view of the disparity between the incomes of the parties the husband should have been required to pay appellant's reasonable counsel fees.
Finally, we reverse the prohibition on adult males living in the marital residence during the wife's exclusive possession thereof. Such a provision would preclude one of their sons living there after he passes his eighteenth birthday. Like the Second District Court of Appeal in Tyler v. Tyler, 427 So.2d 1027 (Fla. 2d DCA 1983), we believe the better way to handle this situation is by way of future modification. Should a situation arise whereby the husband feels that either the welfare of his children or his rights are being harmed by a male resident, he can seek modification of the possessory rights of the wife. This holding does not conflict with our decision in Whiteley v. Whiteley, 329 So.2d 352 (Fla. 4th DCA 1976), because there the husband's counsel had stipulated in the trial court to such a provision.
Accordingly, the judgment appealed from is reversed in part and the cause is remanded for further proceedings consistent with this opinion.
REVERSED IN PART AND REMANDED, with directions.
LETTS and DELL, JJ., concur.