DELL, Judge.
J. David Roundtree and Ernestine Roundtree appeal from an order dismissing the second amended complaint with prejudice. We reverse and remand.
The case concerns an option to purchase real property. Appellants and appellee entered into a lease-option on October 11, 1977. The lease provided in part:
The Owner hereby leases to the Tenant the ... property ... for the period of one month from October 1, 1977 at the monthly rental of Twenty-Five Dollars ($25.00) payment of which is to be made on the signing of this lease. Monthly payments are to be made on the first of each month to the Owner at the above address.
This lease is on a monthly basis and may be cancelled by either party as of the 1st of anymonth [sic] on one (1) months notice.
[[Image here]]
Also, the Tenant is given the right to purchase this property during the term of this lease for the sum of Thirty Five *1253 Thousand 00/100 Dollars ($35,000.00). Ten Thousand Dollars ($10,000.00) is to be in cash and the balance of ($25,000.00) Twenty Five Thousand Dollars to be paid off in 180 equal installments plus 8% interest.
On June 1, 1982, appellants sent a letter to appellee and indicated their intent to purchase the property pursuant to their agreement of October 11, 1977. On June 17, 1982, appellants’ attorney sent a contract for sale and purchase with a cashier’s check for $10,000 to appellee. Appellee refused and appellants brought suit. The second amended complaint requested specific performance under Count I and requested damages for breach of contract under Count II.
Appellee filed a motion to dismiss the second amended complaint for failure to state a cause of action. The trial court found the appellants were “hold-over tenants after expiration of the initial lease period of one month” and that “there was no existing option to purchase in the lease capable of being exercised ... in June, 1982.” The court then dismissed the second amended complaint with prejudice based on those findings and “other findings not specifically referenced herein.” Although we do not know what the “other findings” were, we do not agree with the findings expressed in the order.
Appellants allege that the option to purchase ran with the lease which was unexpired at the time appellants elected to exercise the option. Appellee, on the other hand, argues that the lease created a tenancy for a fixed period of one month which expired in November of 1977. Further, appellee contends that upon the expiration of the one month lease the appellants became hold-over tenants and that a “tenant cannot extend the duration of his option to purchase by holding over_” Gower-Goheen Realty, Inc. v. Braun, 215 So.2d 499, 500 (Fla. 2d DCA 1968).
In Gower-Goheen Realty, Inc., however, the parties did not contest the term of the lease or its expiration date. The provisions of the lease sub judice do not compel the interpretation that the lease created a tenancy for a fixed period of one month which expired in November of 1977. Although the first sentence states that the lease is “for the period of one month from October 1, 1977” that provision cannot be isolated from the rest of the lease. “In construing a lease, as in other contracts it is necessary for the court to gather the meaning of the parties from the whole instrument and not from a few lines taken here and there.” Berwick Corp. v. Kleinginna Investment Corp., 143 So.2d 684, 688 (Fla. 3d DCA 1962). Taken as a whole, the term of the lease is ambiguous on its face and cannot be construed as a matter of law.
It is a cardinal principle of contract construction that the meaning to be attached to the language of an instrument is a question of law to be answered by the trial court where such language is clear, plain, certain, undisputed, unambiguous, and susceptible to only a singular meaning or inference....
[[Image here]]
... The paramount concern in construing contracts is the intention of the parties .... The intent of the parties is derived from the language of the contract when such language is without ambiguity; however, if an ambiguity exists, parol evidence is properly admitted to resolve such ambiguity and explain the intention of the parties to the contract.
Royal Continental Hotels, Inc. v. Broward Vending, Inc., 404 So.2d 782, 783-84 (Fla. 4th DCA 1981) (citations omitted).
In summary, we find that the meaning of the lease provisions must be determined by the trier of fact. Additionally, we find that the complaint and the attached exhibits stated a sufficient cause of action. Therefore, the trial court erred in granting appel-lee’s motion to dismiss the second amended complaint with prejudice.
Accordingly, the order of the trial court is reversed and remanded for further proceedings consistent herewith.
REVERSED and REMANDED.
ANSTEAD, C.J., and DOWNEY, J., concur.