HURLEY, Judge.
This appeal challenges a post-judgment order ousting a mother and child from their home which had been awarded as an incident of child support. We reverse and remand.
The parties to this appeal were never married, but lived together for several years. Along with the mother’s children from a previous marriage, they resided in a home which the couple purchased. During the relationship, the parties had one child.
The parties eventually decided to separate and, therefore, petitioned the trial court to determine property and custody rights. A final judgment was entered which, among other things, awarded the mother custody of the child plus sole and exclusive use of the parties’ home. The judgment indicated that the award was made to provide “a home for the parties’ ... minor child,” and stated that her occupancy was to “continue until such time as (the mother) marries or the parties’ ... child reaches eighteen (18) years of age, becomes self-supporting, marries or dies, or until the home is permanently inhabited by an additional party.” No appeal was taken from this judgment.
At some point subsequent to entry of the final judgment, the mother’s elder daughter (from a former marriage) and the daughter’s husband moved in with the mother and younger daughter. The father, relying on the resident restriction clause, filed a motion to terminate the mother’s exclusive use and possession. The mother countered with an answer and affirmative defense which asserted that the resident restriction clause was contrary to case law and should not be enforced. The trial court ruled for the father and this appeal ensued.
We believe the trial court erred by not considering the substance of the mother’s pleading. Although styled as an answer and affirmative defense, it sought modification of the support provision in the final judgment by eliminating the resident restriction clause. It is axiomatic “that *448 child support agreements are always subject to judicial modification whenever there is a sufficient showing of a change of circumstances from the time of the award....” Granville v. Granville, 445 So.2d 362, 364 (Fla. 1st DCA 1984). The same holds true for modification of a provision for exclusive possession of realty. See Briner v. Briner, 425 So.2d 211 (Fla. 4th DCA 1983). In our view, the recent development in the law governing resident restriction clauses, see, e.g., McClay v. McClay, 447 So.2d 1026 (Fla. 4th DCA 1984); Tyler v. Tyler, 427 So.2d 1027 (Fla. 2d DCA 1983), provides ample justification for modifying the provision in question. Such action is clearly in the best interest of the minor child for it ensures her beneficial use of the home. This decision, of course, does not restrict the father from seeking appropriate relief in the future should that become necessary. See Tyler v. Tyler, supra.
Accordingly, the order on appeal is reversed and the cause is remanded with instructions to treat the mother’s pleading as a petition for modification.
REVERSED AND REMANDED.
GLICKSTEIN, J., concurs with opinion.
LETTS, J., dissents with opinion.