467 So.2d 768 (1985)
Sarah L. HOWARD, Appellant,
v.
Mark S. HOWARD, Appellee.
No. AW-205.
District Court of Appeal of Florida, First District.
April 11, 1985.
*769 William H. Maness, of Maness & Kachergus, Jacksonville, for appellant.
Peter J. Kellogg, of Grissett, Humphries & Kellogg, Jacksonville, for appellee.
ZEHMER, Judge.
Sarah L. Howard (wife), appealing a final judgment of dissolution of marriage, raises ten issues, most of which stem from the court's refusal to enforce, by incorporation into the final judgment, the agreement of the parties manifested in two documents signed by them. We affirm in part and reverse in part.
Mr. and Mrs. Howard were married for eighteen years and had two minor children. They separated May 14, 1982, eighteen months prior to the entry of final judgment of dissolution. On May 26, they drafted a handwritten agreement concerning support for the wife and children and the right to use certain jointly owned property. That agreement concluded with the phrase, "Agreement to be renegotiated after six months." The wife submitted the written document to an attorney for review and drafting into a formal document. Three months later, in separate visits to the attorney's office, the parties signed the resulting typewritten agreement, which was entitled "Separation Agreement." The original *770 agreement was untitled and the husband did not have a copy when he reviewed and signed the typed document. The typed agreement contains several provisions that significantly differ from wording in the handwritten agreement. The renegotiation provision was revised to read, "The parties agree that this agreement may be renegotiated six months from the date of this agreement if either party feels any changes are needed."
In her counterpetition for dissolution, the wife requested that the court incorporate all provisions of the typewritten "Separation Agreement" into the final judgment. The husband requested that the typewritten contract be reformed to reflect the actual intent of the parties as revealed in the wording of the handwritten document on the grounds that "the former attorney for the wife ... through inadvertence, mistake or otherwise prepared the typed version of the separation agreement upon which the wife relies in a fashion inconsistent with the handwritten agreement of the parties."
The court granted reformation and the wife does not challenge that ruling on appeal. However, the court found the reformed agreement to be ambiguous, received parol evidence of the parties' meaning and intent, and ruled that the agreement was not a final property settlement agreement and was not binding for purposes of entering final judgment. The final judgment gave the wife, as lump-sum alimony, the husband's interest in jointly owned stock, declined to order either party to contribute to private-school tuition expenses for one of the couple's children, and granted partition and sale of a jointly owned beach property. The court, further, awarded the wife exclusive possession of the marital home for the care and support of the two minor children, but provided that such use and possession would terminate "upon the wife's remarriage or the occupation of the marital home by another adult of the opposite sex."
Initially, the wife complains of the court's reliance on parol evidence as the basis for not enforcing all terms of the reformed agreement. Although an instrument may be reformed if it does not accurately set forth the terms of the prior agreement which it was intended to express, it must appear that the instrument did not represent the agreement of the parties at the time it was executed. 76 C.J.S., Reformation of Instruments, § 20 (1952); Heisler v. Florida Mortgage Title & Bonding Co., 105 Fla. 657, 142 So. 242 (1932). As a general rule, if the written agreement is ambiguous, so that the intent of the parties cannot be understood from a mere inspection of the instrument, extrinsic evidence showing the facts and circumstances surrounding the making of the agreement and the objects sought to be accomplished may be received to assist the court in properly interpreting the agreement. J.S. Michael Co. v. Rayonier, Inc., 212 So.2d 824 (Fla. 1st DCA 1968). Parol evidence is admissible to explain an ambiguity or to aid in determining the intent of the parties when it is shown that the evidence is not inconsistent with the express terms and purpose of the agreement. Itvenus, Inc. v. Poultry, Inc., 258 So.2d 478 (Fla. 3d DCA 1972), 85 Fla.Jur.2d, Family Law, § 385. The construction placed by the court on an ambiguously worded agreement will be sustained on appeal unless shown to be clearly erroneous. Albert v. Albert, 186 So.2d 809 (Fla. 3d DCA 1966).
Since the negotiation provision of the handwritten contract was ambiguous, the court properly admitted testimony in order to determine whether the parties intended the contract as a final property settlement that could be renegotiated in six months only by mutual consent, or whether they intended it as a temporary separation agreement that would terminate six months from the date of signing, absent renegotiation. The husband testified that the handwritten agreement signed nearly ten months before the petition for dissolution was not intended as a final property settlement, but was intended only to provide financial assurance to his wife during the separation period. He tried to renegotiate *771 the agreement after six months, but the wife refused. The husband then filed for divorce.
The evidence is sufficient to support the conclusion that the contract was a temporary separation agreement, not a final property settlement agreement, and that it was not binding with respect to future permanent obligations of the parties to each other. The final judgment comes to us with a presumption of correctness and cannot be reversed or set aside absent a showing that the court abused its discretion or erroneously applied a rule of law. Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980); 26 Fla.Jur.2d, Family Law, § 728. Appellant has failed to carry her burden of demonstrating such error, and we therefore approve the trial court's refusal to incorporate all terms of the settlement agreement into the final judgment.
Appellant also complains of the court's failure, in view of the husband's consent in the separation agreement, to require the husband to pay the future expenses of their minor daughter's continued attendance at the private school where she was enrolled. The agreement need not be so read. Construing the two pertinent paragraphs in the agreement in pari materia, we conclude that the husband agreed to pay such costs only for the school year 1982-83, which fell within the separation period covered by the agreement. The agreement was not binding as to future expenses and, in light of the evidence before the court, we are unable to find an abuse of discretion in this regard.
We agree with appellant that the court erred in ordering termination of her use and possession of the marital home upon occupation of that home by another adult of the opposite sex. Such provision, literally enforced, would preclude the couple's son living there after he passes his eighteenth birthday. McClay v. McClay, 447 So.2d 1026 (Fla. 4th DCA 1984). Should a situation arise whereby the husband feels that the welfare of his children is threatened or his rights are being infringed upon by the presence of a male resident, he can seek modification of the possessory rights of the wife. Ibid.; Greer v. Greer, 438 So.2d 535 (Fla. 2d DCA 1983); Tyler v. Tyler, 427 So.2d 1027 (Fla. 2d DCA 1983). The record reflects that this provision, although included in the form of judgment submitted by the wife (with additional qualifying language omitted in the final judgment), was included at the direction of the court and was not a voluntary stipulation by the wife; hence, it will not be treated as invited error. McClay v. McClay, supra. Cf:, Whiteley v. Whiteley, 329 So.2d 352 (Fla. 4th DCA 1976).
Because the wife is currently employed, the court awarded her alimony of one dollar per month for one year. While the wife does not directly attack the amount of this award, she complains that her present employment, a grant-funded job, may end in a year or so, leaving her without adequate means of support. Thus, she argues that the court erred in not retaining jurisdiction to award future alimony. We find, however, that both parties incorrectly read the final judgment as failing to reserve jurisdiction to award future alimony. The last paragraph of the final order specifically reserves jurisdiction to enforce and modify the provisions of the final order, and this reservation is broad enough to permit reconsideration of the issue on motion for modification even after the passage of one year. Newsome v. Newsome, 456 So.2d 520 (Fla. 1st DCA 1984).
The wife also contends that the court erred in not recognizing her special equity in the beach lot held in their joint names. The court found that the funds used to purchase the lot came from a joint account into which both parties had made deposits and that the account did not clearly belong solely to the wife. The court also found donative intent to support a gift to the husband at the time the lot was purchased. Holbrook v. Holbrook, 383 So.2d 981 (Fla. 4th DCA 1980). The wife relies on the written disclaimer of any interest in *772 the lot, signed by the husband in March 1982. The record reveals that the writing was separate and distinct from the handwritten agreement made in May, and supports a finding that it was signed by him while under the influence of alcohol and arguing with the wife, and that he would not have signed it had he been sober and received the advice of counsel. Since the record contains ample evidence to support the court's findings and conclusions, refusal to enforce the written disclaimer relied on by the wife does not constitute reversible error.
We find no merit to the wife's other points.
AFFIRMED in part and REVERSED in part.
THOMPSON and SHIVERS, JJ., concur.