SALMON, MICHAEL H., Associate Judge.
These cases involve two laundry space leases. In essence, appellant, Cleanco, Inc. (Cleanco), agreed to place commercial clothes washers and dryers into laundry area spaces at two apartment complexes, each consisting of several hundred apartments. At a later time, the developers of the complexes made arrangements with certain tenants of the individual apartments to place washers and dryers in their units.[1] Cleanco claimed that this action breached the conditions of the lease prohibiting the developers from permitting any other laundry facilities to be used by tenants of the complex. The trial court determined that the language contained in the space leases was ambiguous, and permitted parol evidence to be introduced to explain the intent of the parties. Having heard that evidence, the trial court accepted Man- or Investment Company’s interpretation of the lease, and entered judgment in its favor. The trial court had previously entered summary judgment in favor of the other appellees upon the basis that they were not appropriate parties to this action.
We affirm the summary judgments and the final judgment on the merits. Additionally, the trial judge awarded attorneys’ fees and costs in favor of Manor Investment Company. We affirm this judgment to the extent that fees and costs should have been awarded, but we reverse with regard to the amount.
Cleanco is in the business of supplying washing machines and dryers to residential apartment complexes such as are involved in this case. They apparently employed their standard laundry space leases in the transactions involved here. The subject matter of the leases is the installation of commercial washers and dryers in a central location for the use of tenants within the apartment complexes. In a provision of the lease under the partial heading “exclusive” is a provision pursuant to which the appellee-developer agreed that it would not permit other laundry machines for the use of tenants within the apartment complex, and provides a remedy to Cleanco should the developers place unauthorized machines in either complex. In an addendum to the lease there is a reference to another agreement that might be entered into between the parties, a Standard Master Apartment Equipment Lease Agreement.
When the developer at a later date provided washers and dryers to individual tenants, Cleanco claimed that the exclusive provision of the lease had been violated. The developer took the position that the exclusive clause related only to the general area, and not to the individual units. The trial judge concluded that an overall reading of the form lease and the addendum rendered the language of the documents ambiguous, and that parol evidence should be considered to ascertain the intent of the parties, a proposition with which we agree. Royal Continental Hotels, Inc. v. Broward Vending, Inc., 404 So.2d 782 (Fla. 4th DCA 1981); Roundtree v. Smith, 448 So.2d 1252 (Fla. 4th DCA 1984). We have also concluded that the interpretation placed upon the agreement by the trial judge was supported by substantial, competent evidence. Unless we were to find the trial judge’s interpretation of the lease clearly erroneous, which we do not, the construction of the lease by the trial court *1311 must be affirmed. Howard v. Howard, 467 So.2d 768 (Fla. 1st DCA 1985).
Attorneys fees and costs were awarded under a “prevailing party” provision in the lease in favor of Manor Investment Company. Without detailing the role of each appellee in the development of the apartment complex, it is abundantly clear that Manor is the principal, and the lease was entered on its behalf. As the prevailing party, therefore, Manor was entitled to its attorneys’ fees (costs are not in dispute). However, certain difficulties were experienced by Cleanco in its attempt to ascertain which of the three apartment complex developers was the proper party to this action. We hold that the fees incurred by the other two developers prior to ascertaining Manor as the proper party to this action should not have been allowed. In reaching this conclusion we have not overlooked the claim that attorneys’ fees could be awarded pursuant to section 57.105, Florida Statutes (1985), or on a claim by Manor that it had indemnified the other appellees; we have, however, rejected these claims.
Affirmed in part, and reversed and remanded for further proceedings in accordance with this opinion.
GLICKSTEIN and DELL, JJ., concur.

. There are three appellees. We will not distinguish them unless necessary.