PER CURIAM.
This is an appeal by the former husband Manuel Lamas from a final judgment of marriage dissolution entered below. The former husband raises two points on appeal, namely, that (1) the trial court erred in awarding permanent, rather than rehabilitative, alimony to the former wife Mercedes Lamas, and (2) the trial court erred in awarding $750 a month in permanent alimony to the former wife, as, it is urged, the former husband does not have the financial ability to meet this award. We disagree and affirm. Without burdening this opinion with an extensive factual and legal analysis which we deem unnecessary, suffice it to say that, although the evidence at trial was in conflict in certain respects, there was, in fact, competent, substantial evidence adduced below to support the permanent alimony award in its entirety, and, accordingly, the trial court did not abuse its discretion in making such award.
As to the first point, evidence was adduced below tending to show that (a) this was a long-term marriage, the parties having been married in 1966 and separated in 1993; (b) the former wife is a 49-year-old housewife, speaks no English, has a fifth-grade education, and has little or no employment record or skills. The trial court did not abuse its discretion, as urged, based on this record in concluding that the former wife was not a fit candidate for rehabilitative alimony and that a permanent alimony award would be more appropriate. See Halberg v. Halberg, 519 So.2d 15, 17 (Fla. 3d DCA 1987); DeCenzo v. DeCenzo, 433 So.2d 1316 (Fla. 3d DCA 1983); Carroll v. Carroll, 471 So.2d 1358, 1360 (Fla. 3d DCA), rev. denied, 482 So.2d 347 (Fla.1985).
As to the second point, evidence was adduced at trial tending to show that the former husband’s net monthly income was $2,108, namely, the former husband’s own testimony and his financial affidavit. He testified at trial that his gross income from his trucking business was $41,411 in 1991, $51,-520 in 1992, and $46,945 in 1993; he claimed a number of business deductions which were contested below. Moreover, the former husband’s financial affidavit states that his net monthly income, after deducting his business expenses and taxes [but not his child support to the former wife] is $2,108.[1] In accord with this affidavit, the former husband testified at trial that the affidavit was accurate with one exception not relevant to net income, R. Vol. Ill at 25, and at no time stated that he misunderstood or misinterpreted the affidavit in any respect; he also submitted a proposed final judgment to the trial court stating that for child-support purposes, “The Husband has a net income, after subtracting allowable deductions, of $2,108 a month.” It is therefore clear that the trial court did not abuse its discretion, as urged, based on this record *767 in concluding that the former husband’s net monthly income was $2,108 and in awarding permanent alimony in the amount of $750 a month, which was well within the former husband’s ability to pay; moreover, the error, if any [and clearly there was none], regarding the former husband’s net monthly income would clearly be invited and therefore could not possibly be reversible.[2] See Behar v. Southeast Banks Trust Co., N.A., 374 So.2d 572, 575 (Fla. 3d DCA 1979), cert. denied, 379 So.2d 202 (Fla.1980) and cases cited. Compare Whiteley v. Whiteley, 329 So.2d 352, 353 (Fla. 4th DCA 1976) with McClay v. McClay, 447 So.2d 1026, 1027 (Fla. 4th DCA 1984) and Howard v. Howard, 467 So.2d 768, 771 (Fla. 1st DCA 1985).
Affirmed.
HUBBART and GREEN, JJ., concur.

. In his financial affidavit, the former husband lists "$3,882.00” as his monthly "[bjusiness income from sources such as self-employment, partnership, close corporations, and/or independent contracts (gross receipts minus ordinary and necessary expenses required to produce income)." He then lists as his monthly deductions from this gross income (minus business expenses) "$971.00” for "federal, state and local incomes taxes,” "$215.00” for "FICA self-employment tax,” “$588.00" for "truck insurance,” and "$568.00" for "court-ordered support payments for the children actually paid,” for a total of $1,540.00 “[t]otal monthly net income.” Because the $568.00 for temporary child support in this case was not a proper deduction, the former husband's corrected net monthly income, not allowing this deduction, is $2,108.00. (respondent’s exhibit B, at 2).

. We have not overlooked Judge Cope’s analysis in dissent relating to the second point on appeal in which it is urged that the $2,108 net monthly income stated in the former husband’s financial affidavit is a mistake because of an alleged misinterpretation of what the dissent deems a "confusing” affidavit form, and that the former husband's contrary 1993 income tax return should have been accepted in toto by the trial court as reflecting the husband's true net monthly income of $1,522. In so doing, the dissent, notwithstanding a contention to the contrary, has reweighed and re-evaluated the evidence in the record on appeal without benefit of observing the various witness’ demeanor in court and has substituted its judgment for that of the trial court in violation of well-established appellate review standards in marriage dissolution cases. It was for the trial court, not this court, to determine the weight and credibility of the evidence before it. Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980); Shaw v. Shaw, 334 So.2d 13, 16 (Fla.1976).
Moreover, the former husband testified at trial that he and his attorney prepared his financial affidavit (R. Vol. Ill at 51), not some unknown person as the dissent infers. Indeed, the former husband signed the affidavit and reaffirmed its contents in his trial testimony, thereby adopting it as his own; there is utterly no evidence that he misinterpreted the form or wrote down mistaken numbers. Clearly, the trial court was faced with a conflict in the evidence as to the former husband’s net monthly income between the former husband’s financial affidavit and the former husband’s 1993 income tax return. Because it is, at times, the case that people understate their income in their income tax return and generally do not overstate their income in their financial affidavit filed in their own marriage dissolution action, we think it perfectly reasonable that the trial court decided to accept the former husband's financial affidavit on this issue — especially when the former husband urged the trial court in one part of his proposed final judgment to accept the net monthly income figure contained in his financial affidavit.