PER CURIAM.
 

 Before us is an appeal from a final declaratory judgment entered in a contract dispute. Once the appellee, A.L. Buford, Jr., the plaintiff below, abandoned his motion for summary judgment, the matter was set for non-jury trial. After a five-day trial, the trial court concluded that pertinent “contractual language” was “not ambiguous” and entered declaratory judgment on that basis.
 

 Whether a contract is ambiguous is a question of law. We review questions of contractual ambiguity
 
 de novo. See Centennial Mortgage, Inc. v. SG/SC, Ltd.,
 
 772 So.2d 564, 565-66 (Fla. 1st DCA 2000). In the instant case, we are persuaded that the contract is ambiguous in material respects and that resort to parol evidence is necessary in order to ascertain the parties’ intent.
 
 See, e.g., O’Neill v. Scher,
 
 997 So.2d 1205, 1206 (Fla. 3d DCA 2008);
 
 Castillo v. State Farm Fla. Ins. Co.,
 
 971 So.2d 820, 823 (Fla. 3d DCA 2007);
 
 Barnett v. Destiny Owners Ass’n, Inc.,
 
 856 So.2d 1090, 1092 (Fla. 1st DCA 2003);
 
 Cleanco, Inc. v. Manor Inv. Co.,
 
 568 So.2d 1309, 1310 (Fla. 4th DCA 1990).
 

 The trial judge declined to consider any evidence other than the written terms of the contract(s), once he concluded there was no ambiguity, and did not make findings of fact on any topic, although much of the evidence adduced at trial was conflicting. Sitting as an appellate court, we are precluded from making factual findings ourselves in the first instance.
 
 See Farneth v. State,
 
 945 So.2d 614, 617 (Fla. 2d DCA 2006) (“A fundamental principle of appellate procedure is that an appellate court is not empowered to make findings of fact.”).
 
 See also In re Doe,
 
 932 So.2d 278, 283 (Fla. 2d DCA 2005) (‘Where ... orders do not contain sufficient findings of fact ..., appellate courts typically deem them incapable of meaningful review and they remand with directions to the issuing courts to make the necessary findings.” (citing
 
 Hopkins v. State,
 
 632 So.2d 1372, 1376-77 (Fla.1994))).
 

 Accordingly, we reverse and remand with directions to the trial court to take further evidence if necessary and, in any event, to make findings on all matters pertinent to the parties’ intent in entering into (and possibly amending) their agreements).
 

 Reversed and remanded.
 

 KAHN, BENTON, and BROWNING, JJ., concur.