FIRST DISTRICT COURT OF APPEAL
STATE OF FLORIDA

_____

No. 1D2023-0477

_____

DESTIN FISHING FLEET, INC.,

    Appellant,

    v.

CITY OF DESTIN, a Florida
Municipal Corporation,

    Appellee.

_____


On appeal from the Circuit Court for Okaloosa County.
Jan Shackelford, Judge.

June 12, 2024


PER CURIAM.

    Appellant challenges the amended final judgment that denied its claims brought under the Bert J. Harris, Jr., Private Property Rights Protection Act, section 70.001, Florida Statutes (2018). We affirm the amended final judgment in all respects but one, the award of reasonable costs and attorney's fees.

    Appellant owns a three-acre parcel of land on the Destin Harbor, which is within the City of Destin. The land is improved with, among other things, a restaurant, real estate office, and boat slips. In 2009, Appellant applied to build a 160-foot-high-rise development on the land. Appellant put significant efforts into its development application costing it approximately $291,457. But

because of an economic downturn, the development was tabled by Appellant before the City ever acted on the application.

In 2015 and again in 2018, the City amended its comprehensive plan. Appellant did not apply to build on its parcel. Instead, in 2018 Appellant submitted a claim to the City for $14,590,000 alleging diminution in value to its property under the Harris Act. Because of the amendments, Appellant alleged that any building's height would be limited to 75 feet. The claim included an appraisal as required by subsection 70.001(4)(a) of the Harris Act. The City made a $12,000 settlement offer and issued a statement of allowable uses. *See* § 70.001(4), (5)(a), Fla. Stat. After Appellant and the City failed to reach a resolution of Appellant's claim, Appellant sued the City under the Harris Act bringing two counts for relief. After protracted litigation the trial court entered a 61-page amended final judgment.

In the amended final judgment, the trial court determined that the City was entitled under section 70.001(6)(c)2. to its reasonable costs and attorney's fees. This subsection provides:

> In any action filed pursuant to this section, the governmental entity or entities are entitled to recover reasonable costs and attorney fees incurred by the governmental entity or entities from the date of the filing of the circuit court action, if the governmental entity or entities prevail in the action and the court determines that the property owner did not accept a bona fide settlement offer, including the statement of allowable uses, which **reasonably would have resolved the claim fairly to the property owner if the settlement offer had been accepted by the property owner**, based upon the knowledge available to the governmental entity or entities and the property owner during the 90-day-notice period.

*Id.* (emphasis added).

The trial court determined that the settlement offer to Appellant from the City was bona fide. But the trial court did not determine whether the offer "reasonably would have resolved the claim fairly to the property owner if the settlement offer had been

2

accepted by the property owner." *Id.* The trial court needed to have made that determination. "Sitting as an appellate court, we are precluded from making factual findings ourselves in the first instance." *Douglass v. Buford*, 9 So. 3d 636, 637 (Fla. 1st DCA 2009) (citations omitted).

Therefore, while we otherwise affirm the judgment in favor of the City, it is necessary to vacate paragraph 13 on page 60 of the amended final judgment where the trial court determined that the City is entitled to reasonable costs and attorney's fees under section 70.001(6)(c)2. That leaves open the City's request for an award of reasonable costs and attorney's fees under section 70.001(6)(c)2., which along with the City's motion for appellate costs and fees, must be determined in a manner consistent with this opinion.

AFFIRMED in part, VACATED in part.

B.L. THOMAS, BILBREY, and TANENBAUM, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

D. Kent Safriet and Joshua E. Pratt of Holtzman Vogel Baran Torchinsky & Josefiak, PLLC, Tallahassee, for Appellant.

William G. Warner and Eric A. Krebs of Warner Law Firm, P.A., Panama City; Kimberly Romano Kopp of Romano Kopp Law, P.A., Destin; Kyle S. Bauman of Anchors Smith Grimsley, Fort Walton Beach, for Appellee.