**SIXTH DISTRICT COURT OF APPEAL**
**STATE OF FLORIDA**
Case No. 6D2023-3077
Lower Tribunal No. 21-213DR

JENNIFER J. EDWARDS,

Appellant,

v.

JEREMY KYLE WILLIAMS,

Appellee.

——————————————

Appeal from the Circuit Court for Charlotte County.
Mary C. Evans, Judge.

December 23, 2025

STARGEL, J.

The mother, Jennifer Edwards, appeals the Amended Supplemental Final Judgment (ASFJ) modifying a long-distance parenting plan for the parties' minor child. The father, Jeremy Williams, did not file an answer brief or otherwise participate in this appeal. The mother argues, among other things, that the trial court failed to make necessary factual findings of a material and unanticipated change in circumstances that would warrant a modification of the parties' prior timesharing plan. We agree.

After conducting a hearing on the father's supplemental petition to modify parenting plan, the trial court entered a supplemental final judgment that modified the parties' August 2021 parenting plan by awarding shared parental responsibility with the father having ultimate decision-making authority on issues related to the child's education and medical care. The mother filed a motion for rehearing arguing, among other things, that the trial court did not make requisite findings under section 61.13(3), Florida Statutes (2022). Ultimately, the trial court granted, in part, the motion for rehearing and entered the ASFJ at issue here, which essentially added a paragraph to the supplemental final judgment clarifying that it declined to address the factors in section 61.13(3) because it was not in the child's best interest to do so. The remainder of the motion for rehearing was denied.

The failure to consider and include requisite statutory findings is reviewed by this Court de novo. *See Hull v. Hull*, 273 So. 3d 1135, 1139 (Fla. 5th DCA 2019). Florida courts have held that a failure to include the requisite finding of a substantial, material, and unanticipated change in circumstances will typically require a reversal of a modification to a parenting plan. *Romeo v. Romeo*, 310 So. 3d 1064, 1065 (Fla. 2d DCA 2020).

Section 61.13(3), Florida Statutes (2022), provides, in pertinent part:

A determination of parental responsibility, a parenting plan, or a time-sharing schedule may not be modified without a showing of a substantial, material, and unanticipated change in circumstances and a determination that the modification is in the best interests of the child.

2

Determination of the best interests of the child shall be made by evaluating all of the factors affecting the welfare and interests of the particular minor child and the circumstances of that family, including, but not limited to: [factors (a) through (t)].

*Id.*[1]

While the trial court made findings under section 61.13(3), the ASFJ only stated that the father met his burden to prove a substantial change in circumstances and that modifying the parties' long distance parenting plan was in the child's best interest. But section 61.13(3) requires a "substantial, material, and unanticipated change in circumstances and a determination that the modification is in the best interests of the child." The trial court failed to make any finding that the substantial change in circumstances was "material" or "unanticipated." *See Davis v. Davis*, 363 So. 3d 1213, 1214 (Fla. 6th DCA 2023); § 61.13(3), Fla. Stat.[2] And "we, as an appellate court, are not in a position to make that initial determination." *Romeo*, 310 So. 3d at 1065 (citing *Douglass v. Buford*, 9 So. 3d 636, 637 (Fla. 1st DCA 2009) ("Sitting as an appellate court, we are precluded from making factual findings

---

[1] Section 61.13 was substantially revised effective July 1, 2023, and no longer includes the requirement that the change be "unanticipated"; however, the previous version of the statute applies to this case.

[2] The statute does not appear to expressly require the trial court to make findings as to a "substantial, material, and unanticipated change in circumstances." *See* § 61.13(3), Fla. Stat. (2022) (providing that a modification should not occur "without a <u>showing</u> of a substantial, material and unanticipated change in circumstances" (emphasis added)). However, we are bound by this Court's decision in *Davis*, which, upon considering the same language, held that the trial court was required to make such findings. *Davis*, 363 So. 3d at 1214.

ourselves in the first instance.")).  Consequently, we reverse and remand for the trial court to make appropriate findings of fact.  Upon remand, the trial court should determine whether the current record contains sufficient evidence to resolve this issue or whether further proceedings are necessary.  As to all other grounds raised, we affirm.

REVERSED and REMANDED with instructions.

WOZNIAK and BROWNLEE, JJ., concur.


Stacy L. Haverfield, of Stacy L. Haverfield, P.A., Fort Myers, for Appellant.

No Appearance for Appellee.


NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF FILED